## STOUDENMIRE *vs.* BROWN.

[EJECTMENT—TAX DEED.]

1. *Revised law of* 1868; *section* 93 *of*; *unconstitutionality of.*—Section 93 of the Revenue Law of 1868, which requires the owner of land sold for taxes to deposit double the amount of the purchase-money, &c., before he shall be allowed to prosecute or defend any suit for the same against the purchaser, is unconstitutional.
2. *Same;* § 87 *of*; *what part not unconstitutional.*—Section 87 of the same act is not violative of the State constitution in declaring that a tax deed shall be *prima facie* evidence of certain facts mentioned therein.
3. *Same; what part unconstitutional.*—But that portion of the said section which declares that such deed shall be conclusive evidence of the facts there enumerated, is unconstitutional.

APPEAL from the Circuit Court of Coffee.
Tried before Hon. J. McCALEB WILEY.

This was a real action in the nature of ejectment, under the Code, brought by appellants against appellee, Brown, in July, 1873, to recover possession of a tract of land described in the complaint.

The plaintiffs claimed under a deed dated July 24, 1873, made to them as purchasers at a tax sale in 1871, by the judge of probate of Coffee county, under sections 85 and 86 of the "act to establish revenue laws for the State of Alabama," approved December 31, 1868, the owner of the land having failed to redeem the same within two years. This deed was of the form and substance required by said section 86. The defendant claimed under a deed dated January 1, 1873, from one Noble, who had owned the land for fifteen years previous to the sale.

In order to a proper understanding of the case, it is necessary to revert briefly to certain provisions of the revenue law.

Section 19 provides that "it shall be the duty of each

person liable to taxation upon notice given by the assessor," as hereinafter stated, "to render to the tax assessor in writing a complete list of all items, and the value of each item, upon which they are liable to be taxed," &c.

Section 31 prescribes that the assessor must give notice of his appointments at least fifteen days, and by posting and publication, &c.

It is provided by section 34, that after the assessor shall have completed his sittings, "he shall make a demand in person, or by deputy, upon delinquent tax-payers, or such as shall have failed to meet him at his appointments, wherever he may find them, * * * and when unable to find them may leave written notice at the residence of each such delinquent," &c.

Section 49 is as follows:

"SEC. 49. *Be it further enacted,* That after the collector shall have completed his sittings for the collection of the taxes as required by section 45 of this act, he, or his authorized deputy, shall make a personal demand upon delinquent tax payers wherever they may be found, for the amount of their taxes, penalties and costs, and when unable to find them, shall leave a written notice at the place of residence of such tax payers; and it shall be the duty of such delinquent, within the next fifteen days, to make payment in full of their taxes, forfeitures and fees to the collector or his deputy."·

It is further provided, that after the first of January in each year, the tax collector shall levy on and sell any personal property of delinquent tax-payers, and that where no personal property can be found, with reasonable search, the tax collector may proceed against real estate, in a mode prescribed, and which is not material to the points decided.

After a sale of property for non-payment of taxes, it is the duty of the tax collector, under section 72, to make out and deliver to the purchaser a "certificate of purchase," which shall show description of the real property—that such real property was assessed by the assessor, to whom assessed, the date of the assessment, for what year the

Stoudenmire v. Brown.

taxes are due, the amount of taxes, &c., and who became the purchaser, &c. If such property is not redeemed within two years, it is the duty of the probate judge to make a deed as prescribed in sections 85 and 86.

Section 87 is as follows:

"SEC. 87. *Be it further enacted,* That the deed shall be signed by the probate judge in his official capacity, and acknowledged by him before some officer authorized to take acknowledgments of deeds; and when substantially thus executed and recorded in the proper record of titles to real property, shall vest in the purchaser all the right, title, interest and estate of the former owner in and to the land conveyed, and also the right, title, interest and claim of the State and county thereto, and shall be *prima facie* evidence in all the courts of this State, in all controversies and suits in relation to the rights of the purchaser, his heirs or assigns, to the land thereby conveyed, of the following facts:

1. That the real property conveyed was subject to taxation for the year or years stated in the deed.

2. That the taxes were not paid at any time before the sale.

3. That the real property conveyed had not been redeemed from the sale at the time of the deed, and shall be conclusive evidence of the following facts:

1. That the property was listed and assessed at the time and in the manner required by law.

2. That the taxes were levied according to law.

3. That the property was advertised for sale in the manner and for the length of time required by law.

4. That the property was sold for taxes as stated in the deed.

5. That the grantee named in the deed was the purchaser.

6. That the sale was conducted in the manner required by law.

7. That all the prerequisites of the law were complied with by all the officers who had, or whose duty it was to

have had, any part or action in any transaction relating to or affecting the title conveyed, or purporting to be conveyed by the deed, from the listing and valuation of the property up to the execution of the deed, both inclusive, and that all things whatsoever required by law to make a good and valid sale, and to vest the title in the purchaser were done, except in regard to the three points named in this section, wherein the deed shall be *prima facie* evidence only. And in all controversies and suits involving the title to real property claimed and held under and by virtue of a deed executed substantially as aforesaid by the probate judge, the person claiming title adverse to the title conveyed by such deed, shall be required to prove, in order to defeat the said title, either that the said real property was not subject to taxation for the year or years named in the deed, that the taxes had been paid before the sale, or that the property had been redeemed from the sale according to the provisions of this act. But no person shall be permitted to question the title acquired by a probate judge's deed, without first showing that he or she, or the person under whom he or she claims titles, had title to the property at the time of the sale, and that all taxes due upon the property had been paid by such person, or the person under whom he or she claims titles as aforesaid : *Provided*, that in any case where a person has paid his taxes, and through mistake in the entry made in the tax collector's books, or in the receipts, the real property upon which the taxes were paid, was afterwards sold, the probate judge's deed shall not convey the title : *And provided further*, that in all cases where the owners of real property sold for taxes shall resist the validity of such tax title, such owner may show and prove fraud committed by the officer selling the same, or in the purchaser to defeat the same ; and if fraud is so established, such sale and title shall be void."

"Sec. 93. *Be it further enacted*, That before any person claiming title to real property sold for taxes under this act shall be entitled to prosecute or defend any suit against any person claiming such property under any tax sale, he

shall deposit with the court having jurisdiction in the case, double the amount of the purchase money, together with all taxes and interest accruing since the sale, the value of improvements made by the purchaser, said improvements to be valued by three disinterested persons, and the probable amount of costs of suit."

There are other sections of the law as to the assessment, books, &c., which could not well be here set out without unnecessarily drawing out the report of the case.

The defendant's plea is not copied in the transcript, but it is stated in the bill of exceptions that defendant pleaded "not guilty of withholding the possession of said lands from the plaintiff." On the trial, " the plaintiffs moved the court to strike [out] the defendant's plea " and give them judgment, on the grounds, in substance, that they claimed under a deed made by the judge of probate, &c., after the time had expired for redemption, the land having been sold by the tax collector for non-payment of taxes, and defendant had not made deposit as required by § 93. In support of this motion, the plaintiff showed that no deposit had been made, and introduced a deed executed by the probate judge to the lands in controversy, under sections 85 and 86, and in strict compliance therewith, and in compliance with the requisitions contained in the first part of section 87. This deed had been duly recorded. The court refused " to strike out the defendant's plea or to require him to make any deposit, or to allow the plaintiff to have judgment, remarking that said section 93 was void," and to the action of the court the defendant duly excepted.

The plaintiffs then offered in evidence the tax deed from the judge of probate, hereinbefore referred to. This deed recited that the land in controversy " was subject to taxation for the year 1870, and that the taxes assessed upon said real property for the year 1870 remained due and unpaid at the date of the sale hereinafter named ; that the tax collector did, on the 6th day of March, 1871, by virtue of the authority in him vested, offer for sale the premises, on the first Monday in March, 1871, at a public sale made

at the court-house, "in substantial compliance with all the requisitions of the statute in such cases made and provided, at which sale plaintiffs became the purchasers at a named price," &c. &c., [setting out all the facts required by law in such a deed,] and in accordance with the provisions of the statute conveyed the premises to the plaintiffs, who were the purchasers at said tax collector's sale.

The defendant introduced James Noble, who owned the premises in 1870, and sold them January 1st, 1873, to the defendant. Noble testified that he had not given in the lands for assessment and no demand had ever been made on him to give in the same for assessment; that at the time of the sale he owned, besides the land, $250 worth of personal property, consisting of oxen, wagons, and other visible property, out of which the money could have been made to pay the taxes; that he knew nothing of the lands having been advertised until long after the sale; that he did not pay his taxes for 1870.

The deputy tax collector, who did all the business for the years 1870–71, testified that no personal demand was ever made on Noble for his taxes, and that he did not search for any personal property of Noble out of which to make the taxes, but that he sold the premises described in the deed for non-payment of taxes, and made a certificate of purchase. This witness further testified that he had examined the tax books, and that there was no assessment in it or in the supplemental assessment. The certificate of purchase made by the tax collector was introduced in evidence, and it showed a sale, in compliance with the revenue law, of the premises in question, and recited that the real estate "was assessed by J, C. Jolly, assessor of said county, on the — day of —— 1870, as the property of J. H. Y. Noble.".

The judge of probate testified that he was custodian of the books and records of said court, among which were the "tax books of real property of the county as made out by the tax assessor for the year 1870, and that he could not find, after careful search, any assessment made to James Noble in

said book. The plaintiffs objected to the introduction of all this evidence, and moved to exclude it as irrelevant, which objection and motion the court overruled and plaintiff excepted.

The court charged the jury, among other things, " that the tax law must be taken as a whole, and that in order to authorize the plaintiffs to recover in this action they must show by positive proof that the assessor and collector did every thing required of them by law and in the manner directed by law; that if the proof failed to show that the collector advertised and attended his collectings as required by law, and that he then called on Noble for his taxes; or that Noble had no personal property which might have been sold for the taxes, then the plaintiffs could not recover in this action. That a failure of the tax collector to perform every duty required by law and in the manner as the law directs, would be a legal fraud on the said Noble, and that the probate judge's deed would convey no title, and that the plaintiff would not be entitled to recover in this action on said deed; that section 87 of the revenue law of 1868 was utterly void."

The plaintiff excepted to this charge, and requested, in writing, charges in substance : that to defeat plaintiffs, defendant must prove either that the premises were not subject to taxation for the year named in the deed, or that the taxes had been paid, or the premises redeemed from sale in accordance with requirements of the revenue law of 1868.

2d. That defendant can not question the title acquired by the probate judge's deed without showing that the person under whom he claims had title at the time of the sale, and that all taxes due upon the property had been paid by him or the person under whom he claims.

3d. That defendant could not be permitted to show that the party whose land was sold for taxes, had sufficient personal property out of which to have made the taxes.

4th. That the duties of the assessor and collector as to giving notice, making demands, &c., as required by the

revenue law of 1868, are directory merely, and a failure to comply with them can not avoid a sale made for non-payment of taxes.

5th. That the jury can not consider any defense to this action, except such as are set out in section 87 of the revenue law.

The court refused to give either of these charges, and defendant duly excepted.

The various rulings of the court to which exception was reserved, the charges given, and the refusal to charge as requested, are now assigned for error.

J. E. P. FLOURNOY, for appellant.—The rule of evidence has been changed since the sale of the land, in *Thomson v. Rivers*, 43 Ala. pp. 6, 33; a change which was perfectly competent for the legislature to make.—§ 87 of revenue law of 1868.

The legislature certainly had a right to say what should be a valid sale, and what should be sufficient to make it void, and in doing so they had a right to declare that no mere irregularity should be sufficient to avoid the sale, or be let in to show fraud unless the purchaser was a party to such default or fraud. The court erred in letting the defendant prove any thing, except that the land was not subject to taxation for the year or years mentioned in the deed, or the taxes had been paid before the sale, or that the land had been redeemed from the sale. As to all other matters which seem to have been treated by the legislature as mere irregularities which are not considered of sufficient importance to effect the title conveyed or the right of the purchaser to recover, the legislature has declared that the mere recital of them in the deed shall be conclusive evidence that they were done and performed, and the letting in parole evidence to contradict such recitals is positively prohibited, as it would allow the deed to be attacked for mere irregularities which can not be done by said revenue law. And the law which forbids a collateral attack on a deed for mere irregularities, has be-

come a settled rule of property in this State.—See *Weir v. Clayton*, 19 Ala. 132, and authorities there cited, especially *Weir v. Bradford*, 20 Ala. 676.

It was right and proper that the legislature should provide some summary way of collecting the taxes, sufficient to carry on the government, and also to provide that a tax payer who did not pay his taxes should not be allowed to insist on mere irregularities to avoid the sale, and thus get out of paying his part of the necessary expenses of the government, while by the authority and protection of such government alone are all his rights of person and property protected.

Another authority—section 2014, Revised Code—makes letters of administration, &c., conclusive evidence, and this section has never been questioned as exceeding the limitation of the legislature.—See *Gray's Adm'r v. Cruise*, 36 Ala. 559, and authorities there cited. It is within the province of the legislature to change the rule of evidence in tax titles.—See *Lessee of Dun v. Gains & Gilbert*, 1 McLean's Ohio C. C. R. 322. Taxation is a sacred right, essential to the existence of the government; an incident of sovereignty. The right of legislation to attach it upon all persons and property within the jurisdiction of the State is co-extensive.—See *Dobbins v. The Commissioners of Erie County*, 16 Peters, 435.

Neither the record nor docket gives the name of appellee's attorneys.

B. F. SAFFOLD, J.

In ejectment by the purchasers of land, at a tax sale, against a subsequent purchaser from the owner, the plaintiffs insisted on the conclusiveness of their deed from the probate judge as evidence of the facts stated in the seven sub-divisions of § 87 of the revenue law of 1868. They also objected to any defense to their suit, unless the defendant would comply with the provisions of § 93 of the same law. The court decided that these enactments were unconstitutional,

The legislature has authority to enact rules of evidence, subject to the fundamental or constitutional law. The constitution of our State, as well as that of the United States, secures to every person a remedy by due process of law for the protection of his person, reputation and property. It also divides the powers of government into legislative, executive and judicial departments, and forbids any person or collection of persons, being of one of these, to exercise any power properly belonging to either of the others. These guaranties clearly prohibit the legislature from debarring a person the prosecution or defense of his right to his property in the courts of the State. A grantor's conveyance of his own property commits him to its recitals and stipulations, as his deliberate admission of the facts stated, and as his contract in respect to them, to a far greater extent than can be accorded to the conveyance of his property to another by a public officer. The former is the disposition which a person makes of his own property; the latter is generally an involuntary divestiture of his title.

The requisition which "due process of law," or, "the law of the land," makes, involves judicial as well as legislative action. This is, perhaps, by precedent and long practice, sufficiently obtained in respect to sales of property for taxes, by allowing to the owner the assertion of his rights in the courts after the sale has been made, when the revenue law contains no provision for such previous adjudication, as is secured in some of the States of the Union. Our law makes no such provision, but the probate judge is required, upon the return of the certificate of purchase, to make out a deed and deliver it to the purchaser. This deed, under the 87th section, is made conclusive evidence: 1st, That the property was listed and assessed at the time and in the manner required by law; 2d, That the taxes were levied according to law; 3d, That the property was advertised for sale in the manner and for the length of time required by law; 4th, That the property was sold for taxes as stated in the deed; 5th, That the grantee named

in the deed was the purchaser; 6th, That the sale was conducted in the manner required by law; 7th, That all the pre-requisites of the law were complied with by all the officers who had, or whose duty it was to have had, any part or action in any transaction relating to or affecting the title conveyed, or purporting- to be conveyed, by the deed, from the listing and valuation of the property up to the execution of the deed, both inclusive. It is further provided in the same section, that no person shall question the title acquired by the probate judge's deed, without first showing that all taxes due upon the property had been paid.

In this case the defendant proved that no assessment of the property had been made, and, consequently, that no taxes had been levied on it. The certificate of purchase and the deed, therefore, contained statements which were false in fact. Without such assessment and levy the sale would be void.—Blackwell on Tax Titles, p. 154. Shall the deed prove beyond contradiction facts which had no existence? The act does not dispense with these pre-requisites. But the deed is made conclusive evidence that they were performed. We do not hesitate to say that such a rule of evidence is contrary to the guaranty of the Constitution.—Blackwell on Tax Titles, pp. 80, 82. Cooley characterizes it as not a law regulating evidence, but an unconstitutional confiscation of property.—Cooley's Const. Lim. 369. In *Allen v. Armstrong*, 16 Iowa, 508, a revenue statute, identical in terms with ours, in respect to the conclusiveness of the deed as evidence, was brought under partial consideration. The defendant did not controvert the assessment or valuation, and the levy of the tax. In reference to this the court said: "If any given step or matter in the exercise of the power to tax (as for example the fact of a levy by the proper authority) is so indispensable, that without its performance no tax can be raised; then that step or matter, whatever it may be, cannot be dispensed with, and with respect to *that* the owner cannot be *concluded* from showing the truth by a mere legislative

declaration to that effect." The power of the legislature to make the tax deed presumptive or *prima facie* evidence of the regularity and validity of all prior proceedings is admitted.—Blackwell on Tax Titles, 79; *Pillow v. Roberts*, 13 How. 476. The reason assigned is that the presumption of regularity may be rebutted by proof, and no real injury be inflicted. Perhaps this concession has been too readily yielded. The *onus probandi* ought to rest upon the party whose position renders him most capable of procuring the proof, or makes it most equitable or just that he should do so. We decide that so much of § 87 of the Revenue Act of 1868, as declares that the tax deed shall be conclusive evidence of the facts there enumerated, is unconstitutional.

The 93d section of the same act is but a corollary of the other; and is in violation of the Constitution.—*Conway v. Cable*, 37 Ill. 82.

The court held that the entire section 87 was unconstitutional and void. This was erroneous, and may possibly have effected some injury to the appellant. For this error the judgment is reversed and the cause remanded.

[NOTE BY REPORTER.—The opinion in the foregoing case was delivered at the June term, 1874, and is here inserted by direction of the Chief Justice, in advance of other cases decided at the same term, owing to the important questions passed on in the case.]