[Doe, ex dem. Davis v. Minge.]

# Doe, *ex dem.* Davis *v.* Minge.

56  121
120 634

## *Ejectment by Purchaser at Tax Sale.*

1. *Statute partly unconstitutional.*—An unconstitutional provision in a statute does not affect the validity of other separate and independent provisions, which can stand without it, and which are in themselves unobjectionable; but this principle cannot, by its terms, be applied to a single provision, which is incapable of separation, and which was clearly intended to operate as an entirety.

2. *Tax deed; effect as evidence.*—The 87th section of the revenue law of 1868, so far as it declares a tax deed for land to be *prima facie* evidence of certain facts, is unobjectionable and valid; but, so far as it declares such deed to be *conclusive* evidence of certain other facts, it is unconstitutional and void; and this latter provision being an entirety, it must fail altogether: the word *conclusive* cannot be struck out alone, leaving the deed to operate as evidence merely, instead of conclusive evidence, of the specified facts.

3. *Sale of land for taxes.*—Under the provisions of the revenue law of 1868, land could be sold for taxes, only when, after reasonable search, no personal property could be found; and no property was exempt from sale for taxes, though it might be exempt from taxation; hence, a sale of land for taxes is invalid, when it is shown that the tax collector made no search, nor personal demand, and that the person against whom the taxes were assessed had personal property sufficient to pay them, though it was exempt from taxation.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. H. T. TOULMIN.

This action was brought by Justina Davis, against William H. Minge, to recover a city lot in Mobile; and was commenced on the 3d June, 1874. The cause was tried on issue joined on the plea of not guilty. The plaintiff's title was founded on a purchase by him at a sale for taxes, made by the tax collector of said county on the first Monday in August, 1871; and he offered in evidence on the trial, as the bill of exceptions shows, the certificate of purchase given to him by the tax collector, and a deed executed to him by the probate judge, which was dated the 9th September, 1873. "The court permitted said deed to be read to the jury, as *prima facie* evidence of three things: 1st, that the real property conveyed by said deed was subject to taxation for the years therein stated; 2d, that the taxes were not paid at any time before the sale of the land; and, 3d, that the real property conveyed had not been redeemed at the time of the making of the deed. The plaintiff's counsel insisted, that the deed was *prima facie* evidence of every fact recited in it, material to make it a good and valid deed; but the court. would not allow it to be read as evidence of any fact recited

[Doe, ex dem. Davis v. Minge.]

in it, except for the three purposes above stated; to which ruling the plaintiff excepted." The plaintiff introduced the tax collector as a witness, who testified to the advertisement and sale of the land, and, "on cross-examination by defendant, stated that he made no personal demand of the defendant, for the taxes for the years 1869 and 1870 (for the taxes of which years on the land he had sold the same), nor had he made any search for personal property of the defendant. Said witness also introduced the assessment books for 1869 and 1870, from which it appeared that the land had been returned, or listed, by the defendant, for each of those years; that for the year 1869 he had returned no personal property, and for the year 1870 had returned personal property valued at $300, consisting of a watch, valued at $150, and some other articles, valued at the same amount; but on the assessment book, and on the same line, was written the word "*Exempted;*" and for the year 1871 there was no proof of any assessment of property, real or personal." The defendant testified, as a witness for himself, "that he lived, in 1869 and 1870, at Bayou LaBatre in said county, but moved up near the city of Mobile in 1871, and engaged in the dairy business; that he had a horse and wagon that year, seven or eight cows, and some furniture suitable for his family, all worth, as he supposed, $700 or $800; and that the tax collector had never made any personal demand of him for the taxes of 1869 or 1870. There was no other proof as to personal property possessed by said defendant at the time of the sale."

"Upon this evidence, the court charged the jury, that it was incumbent on the plaintiff to prove every material prerequisite to make a good tax title, and that the tax title read to them was no evidence whatever, except as *prima facie* proof of the three things for which it had been allowed to be read to them;" also, "that it was a pre-requisite to the validity of the deed as a tax title that the tax collector had made a personal demand of the taxes, or, if he could not find him, then to leave a note in writing at his residence, requiring the payment of the taxes;" also, "that it was necessary to the validity of the deed that the tax collector should have made reasonable search for personal property, before selling the land for taxes;" also, "that no personal property was exempt from sale for taxes, and if the jury believed that the defendant had personal property enough to pay the taxes due on the land for the years 1869 and 1870, by a sale thereof, and by proper diligence *he* could have levied on personal property enough to satisfy the said

[Doe, ex dem. Davis v. Minge.]

taxes, then there was a failure to prove this pre-requisite, and the plaintiff could not recover."

The plaintiff excepted to each of these charges, and took a non-suit under the statute (Rev. Code, § 2759); which he now moves to set aside, assigning as error the rulings of the court to which, as above stated, he reserved exceptions.

E. S. DARGAN, for appellant.—1. It is admitted that the legislature could not make the tax deed conclusive evidence of the facts recited in it; but there is no constitutional provision, and no principle of public policy, which prohibits. the deed from operating as evidence simply of the recited facts. When the word *conclusive* is struck out of the statute, full effect is given to the constitution, and the remaining words can stand alone. In declaring a statutory provision unconstitutional, the courts will only strike out the unconstitutional part, and enforce the residue, though it be part of the same section, or even of the same sentence.—*Bank of Hamilton v. Dudley's Lessee*, 2 Peters, 526; *Commonwealth v. Hitchings*, 5 Gray, 482; *Warren v. Mayor of Charleston*, 2 Gray, 84; *People v. Hill*, 7 Cal. 97; *Ex parte Pollard*, 40 Ala. 77; *Mobile & Ohio Railroad v. The State*, 29 Ala. 572; Cooley's Const. Lim. 179–80.

2. The law exempts personal property from taxation, to the amount of $500; and it could not have been intended that this exempt property should be sold for the taxes on the land. The land, if sold, might be redeemed; but the personalty, when sold, is lost and consumed. This would, in many instances, deprive the citizen and his family of necessary provisions, in order to save his land.

GOLDTHWAITE & TAYLOR, *contra*, cited *Stoudenmire v. Brown*, 48 Ala. 689; *Allen v. Armstrong*, 16 Iowa, 508; Blackwell on Tax Titles, 80–82, 175–78; Cooley on Const. Lim. 369; *Scales v. Alvis*, 12 Ala. 617–20.

BRICKELL, C. J.—The 87th section of the revenue law of 1868 declares, that the deed of the probate judge, conveying land sold for taxes, "shall be *prima facie* evidence in all the courts of this State, in all controversies and suits in relation to the rights of the purchaser, his heirs, or assigns, to the land thereby conveyed, of the following facts: 1st, that the real property conveyed was subject to taxation for the year or years stated in the deed; 2d, that the taxes were not paid at any time before the sale; 3d, that the real property conveyed had not been redeemed from the sale at the time of the deed; and that it shall be *conclusive evidence* of

the following facts: 1st, that the property was listed and assessed at the time, and in the manner required by law; 2d, that the taxes were levied according to law; 3d, that the property was advertised for sale in the manner, and for the length of time required by law; 4th, that the property was sold for taxes as stated in the deed; 5th, that the grantee named in the deed was the purchaser; 6th, that the sale was conducted in the manner required by law; 7th, that all the pre-requisites of the law were complied with, by all the officers who had, or whose duty it was to have had, any part or action in any transaction relating to or affecting the title conveyed, or purporting to be conveyed by the deed, from the listing and valuation of the property, up to the execution of the deed, both inclusive; and that all things whatever, required by law to make a good and valid sale, and to vest the title in the purchaser, were done, except in regard to the three points named in this section, wherein the deed shall be *prima facie* evidence only."

In *Stoudenmire v. Brown,* 48 Ala. 699, it was decided, that this enactment was not violative of the constitution, in declaring the deed *prima facie* evidence of the particular facts recited; that it was, thus far, a mere regulation of the law of evidence; but that, so far as it declared the deed *conclusive evidence,* it was violative of the constitution, and void. The correctness of this decision is conceded by the appellant's counsel; and he submits that it is only the word *conclusive* which is offensive to the constitution, and that it may be stricken out, leaving the enactment to declare the deed *evidence merely.* The principle invoked is, that if some of the provisions of a statute violate the constitution, while others are consistent with it, the latter will be maintained, if they can be separated from, and stand without the unconstitutional and void parts of the law; that the courts will treat the unconstitutional parts, as if they were stricken out of the statute.—*Mobile & Ohio Railroad Co. v. State,* 29 Ala. 584. The principle, in its very statement, is subject to the limitation, that the constitutional and unconstitutional parts are capable of separation—that they are wholly independent of each other.—*Warren v. Mayor, &c.,* 2 Gray, 99; *Jones v. Robins,* 8 Gray, 338; *State, ex rel. v. Commissioners, &c.,* 5 Ohio (N. S.) 506; Cooley's Const. Lim. 176–181. When the provisions are incapable of separation—when they are dependent on each other, the unconstitutionality of one vitiates the whole. The courts have no power to modify, reform, or amend legislative enactments, so that they will conform to the constitution. They must be accepted as the legislature may express them. If the legislative intent is clear, that a

statutory provision shall be deemed and taken as an entirety—as well that which is constitutional, as that which may be unconstitutional—the whole must fail.

The enactment we are considering is an illustration. So far as it declares the tax deed *prima facie* evidence, its constitutionality is not assailed.—*Pillow v. Roberts,* 13 How. 476. Though this forms a part of the same section which declares the deed *conclusive* evidence, it is distinct and separate from the latter. The one makes the deed *prima facie* evidence of particular facts; the other makes it *conclusive* evidence of different facts. The two clauses do not refer to the same subject-matter, are not connected in meaning, and are indicative of different legislative intents. Let the last clause be stricken out, and the first remains, complete, and capable of execution, according to the apparent legislative intent. It has precisely the same operation and effect it would have if the latter clause had not been introduced, or if it was constitutional, and capable of operation. In the adoption of both clauses, the legislature had in view the distinction between evidence subject to contradiction, yet sufficient of itself until met by opposing evidence, and evidence which does not admit of contradictory or opposing proof—evidence conclusive of itself. The purpose was not to make the deed merely evidence, but, in the respect we are now considering, *conclusive* evidence. The motive, the inducement for the enactment, was to cut off all inquiry into irregularities which may have preceded or attended a sale of land for the payment of taxes. The difficulty, if not the impossibility, of proving the requisites of such a sale—the strict compliance with the numerous directions and conditions of revenue laws—rendered tax titles almost valueless. To avoid the necessity of such proof, and to remove from controversy the regularity of the sale, it is manifest was the legislative intent. This intent is not capable of consummation, under the decision in *Stoudenmire v. Brown, supra.* We can not say, the legislature would have made the deed merely evidence, less than *prima facie* evidence, of the regularity of the sale. For it must be observed, in the section we are considering, .the terms *prima facie* and *conclusive* evidence are employed in their proper, legal meaning, descriptive of different degrees of proof—the one as merely sufficient, until overcome by opposing evidence, shifting the burden of proof; the other, as indisputable, excluding all opposing evidence. There can be no separation of the words—they are dependent on each other, each essential to the accomplishment of the end proposed. If the word *conclusive* was stricken out, the enact-

ment would be deprived of the force the legislature intended to give it.

3. The revenue law of 1868 subjected lands to sale for the payment of taxes, only in the event personal property could not be found, after reasonable search.—Pamph. Acts, 1868, 315, § 54. And it' was expressly declared, "no property shall be exempt from sale for taxes."—*Ib.* 314, § 53. In *Scales v. Alvis,* 12 Ala. 617, under similar statutory provisions, it was held, a sale of land for taxes could not be supported, if the delinquent had goods and chattels within the county, although they were exempt from execution for the payment of debts. The rulings of the Circuit Court conformed to this decision. Proof that the tax-payer had within the county personal property, and that the collector made no search for it, showed that he was without power to sell the lands. The law made the personal property primarily liable for the payment of the taxes. It was only when such property could not be found, after reasonable search, that power to sell land was conferred. The personal property may have been exempt from taxation, but it was not exempt from liability for the payment of taxes. By the express words of the statute, *all property* was declared liable to be sold for the payment of taxes; and the order in which it could be sold was declared: primarily, personal property ; when that failed, the lands.

The rulings of the Circuit Court were in conformity to these views, and its judgment must be affirmed.