# DECISIONS

'OF THE

# COURT OF APPEALS OF KENTUCKY,

## JANUARY TERM, 1886.

CASE 1—PETITION EQUITY—MARCH 20, 1886.

## Maguiar v. Henry, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. A REMEDIAL OR CURATIVE STATUTE WHICH SHIFTS THE BURDEN OF PROOF from the plaintiff to the defendant is valid, provided it does not disturb a vested right; but such a statute does not relieve the plaintiff of the necessity of alleging so much in his petition as is necessary to show a right in him.

Therefore, in an action to recover land under a tax deed under the act known as the "Auditor's Agent Act," it is necessary for the plaintiff to allege facts showing that the preliminary steps necessary to create an enforceable tax demand were taken; it is not sufficient to allege the sale and conveyance by the Auditor, although the statute requires the defendant to show, in order to defeat a recovery on that ground, that the preliminary steps were not taken.

2. THE LEGISLATURE MAY CURE A MERE IRREGULARITY IN A PROCEEDING by a subsequent statute if it could have dispensed with it by a prior statute, but it has no power, by a subsequent curative statute, to remedy a jurisdictional defect, or one which goes to the substance of a vested right, and thus cut off a vested defense.

The Legislature, therefore, has no power to declare that a tax deed shall be conclusive evidence of facts essential to its validity, and thus, by a curative statute, deprive the owner of an existing material defense.

3. A STATUTE WHICH LIMITS THE DEFENDANT TO CERTAIN DEFENSES and cuts off other material defenses is unconstitutional.

The " Auditor's Agent Act " is unconstitutional so far as it attempts to deprive the original owner of property to which another holds a tax deed, of then existing and material defenses.

HELM BRUCE FOR APPELLANT.

1. Common law presumption in favor of tax title. (Hickman v. Boffman, Hardin, 362; Allen v. Robinson, 3 Bibb, 326; Bodley v. Hord, 2 Marsh., 244; Graves v. Hayden, 2 Litt., 65; Hickman v. Skinner, 3 Mon., 211; Blight's Heirs v. Banks, &c., 6 Mon., 206; Curry v. Fowler, 5 J. J. Mar., 152; Oldham v. Jones, 5 B. M., 462; Vincent v. Eaves, 1 Met., 248; Trustees of Common School District v. Garvey, 80 Ky., 163. Cases explained: McKee v. Walker, 2 Ky. Law Rep., 320; Helm v. Payne, 1 Ky. Law Rep., 350; Ormsby v. City of Louisville, 79 Ky., 197.)

2. Presumption in favor of tax title under Act May 6, 1880. (Acts of 1879–'80, page 206; Acts of 1881–82, page 107; Griffin v. Dogan, 48 Miss., 11.)

3. Even if Act of May 6, 1880, changes the burden of proof as to a tax title, it is constitutional. (Cooley's Const. Limit., side page 367; Blackwell on Tax Titles, side page 79; Kendall v. Kingston, 5 Mass., 533; Ogden v. Saunders, 12 Wheat., 349; Hood v. Ballou, 12 N. Y., 542; Fales v. Wadsworth, 23 Maine 533; Karney v. Paisley, 13 Iowa, 89; Allen v. Armstrong, 16 Iowa, 508; Adams v. Beale, 19 Iowa, 61; Pillow v. Roberts, 13 How., 472; Forbes v. Halsey, 26 N. Y., 53.)

3. If the burden of proof as to defects in a tax title is on the one disputing it, then the burden of pleading such defects is also on that party, and the other party does not have to anticipate them (Byington v. Robertson, 17 Iowa, 562; Belcher v. Mhoon, 47 Miss., 619; Hibernia S. & L. S. v. Ordway, 38 Cal., 681; Blackwell on Tax Titles, side page 503; L. & P. Canal Co. v. Murphy, 9 Bush, 527; Newman's Pleading and Practice. 279; Safford v. Drew, 3 Duer (N. Y.), 632; Union Mu. Life Ins. Co. v. Osgood, 1 Duer (N. Y.), 708; Chitty on Pleading. side page 221; Bliss on Code Pleading, sections 176 and 200; Stephen on Pleading. 314, 318. Cases explained: Gregory v. McFarland, 1 Duv., 59; Williams v. Gordon, 11 Bush, 693.)

4. Distinction between the object of the Board of Supervisors of State taxes and the object of the Board of Commissioners of city taxes. (General Statutes, chapter 92, articles 6 and 7; Ibid. (edition 1881), page 1016; Elliott's Acts and Ordinances, page 153, section 3; Ormsby v. City of Louisville, 79 Ky., 202; S. C., 4 Ky. Law Rep., page 14.)

JAMES P. HELM ON SAME SIDE.

1. The presumption that the officer has done his duty is indulged in favor of the organs of the law in cases where lands have been sold for taxes as well as in other cases. (Hickman v. Boffman, Hardin, 362; Allen v. Robinson, 3 Bibb, 326; Bodley v. Hord, 2 Marsh., 244; Graves v. Hardin, 2 Litt., 65; Hickman v. Skinner, 3 Mon., 211; Blight's Heirs

Maguiar v. Henry, &c.

v. Banks & Lewis, 6 Mon., 206; Currey v. Fowler, 5 J. J. Mar., 152; Oldham v. Jones, 5 B. M., 462; Vincent v. Evans, 1 Met., 248; Trustees of Common School District v. Garvey, 80 Ky., 163.)

2. By express provision of the law, or what is equivalent thereto, a presumption is indulged in favor of the organs of the law in all sales made in pursuance of the Auditor's Agent Act. (Griffin v Dogan, 48 Miss., 18.)

3. The Legislature may do that retrospectively which it might in the first instance have done. (Cooley's Constitutional Limitations, side page 371; Gwynn v. Nieswanger, 18 Ohio, 406; Smith v. Cleveland, 17 Wis., 566; Raley v. Gwynn, 16 Cent. Law Journal. 92.)

4. The legislation under consideration in this case was entirely prospective and not retrospective, in its nature.

M. A. & D. A. SACHS AND JOSEPH G. SACHS FOR APPELLEES.

1. Under the general law, one who claims land under a sale for taxes must allege and prove facts showing that all the steps necessary to a valid tax sale were taken. (Blackwell on Tax Titles, pages 501, 502; Cooley on Taxation, page 354; Helm v. Payne, 1 Ky. Law Rep., 351; McKee v. Walker, 2 Ky. Law Rep., 320; McArthur v. City of Dayton, 5 Ky. Law Rep.. 333; Quinlan v. Callahan, 5 Ky. Law Rep., 720; City of Louisville v. Cochran, 5 Ky. Law Rep., 833; Reamer v. City of Louisville, 6 Ky. Law Rep., 748.)

2 The Auditor's Agent Act, in so far as it attempts to make a tax deed *conclusive* evidence of *essential* facts, is unconstitutional. (Cooley's Const Limit., page 367; Blackwell on Tax Titles, note 4, pages 69, 77; Abbott v. Lindenbower, 42 Mo.. 162; McCready v. Sexton. 29 Iowa, 356; Smith v. Cleaveland, 17 Wis., 563; Gwynne v. Nieswanger, 18 Ohio, 400; Standenmore v. Brown, 48 Ala., 699; Scales v. Alvis, 12 Ala., 617; Cooley's Const. Limit., pages 176, 181; Moulton v. Blaisdell, 24 Maine, 285; Davis v. Minge, 56 Ala., 121; Gwynn v. Sherman, 23 Ind., 32; White v. Flynn, *Ibid.*, 46; Wilson v. Seman, *Ibid.*, 437; Williams v. Underhill, 58 Ill., 138; Scott v. Detroit Young Men's Society. 1 Doug. (Mich.), 121; Latimer v. Douglass, 2 Doug. (Mich.). 204; Wright v. Cradlebaugh, 3 Nev., 316 and 325; Groesbeck v. Seeley, 13 Mich.; Wantlow v. White, 19 Ind., 472; Corbin v. Hill, 21 Iowa; Farrar v. Clark, 85 Ind., 449; Marshall v. McDaniel, 12 Bush, 383; Gaines v. Buford, 1 Dana. 481; Barry v. Ransdall, 4 Met., 294; Allison v. Louisville & Harrod's Creek R. R., 9 Bush, 254–5; 9 B. M., 302.)

3. The act cuts off material defenses, and for that reason is unconstitutional. (Gen. Stats., chapter 92, article 8, sections 12 and 14; Hooser v. Buckner, 11 B. M., 183; Bishop v. Lavan, 4 B. M., 116; Cooley on Taxation, 307; Catterlin v. Douglass, 17 Ind., 213; Scales v. Alvis, 12 Ala., 617; Helm v. Payne, 1 Ky. Law Rep., 350; McKee v. Walker, 2 Ky. Law Rep., 320; McArthur v. City of Dayton, 4 Ky.

Maguiar v. Henry, &c.

Law Rep., 333; McDonald v. Covington, 5 Ky. Law Rep., 612; Quin-
lan v. Callahan, 5 Ky. Law Rep.. 719; Davis v. Sims, 4 Bibb, 465;
Allen v. Robinson, 3 Bibb, 329; Ormsby v. City of Louisville, 4 Ky.
Law Rep., 14; Kendall v. Thomasson, 2 Ky. Law Rep., 422; Bell v.
Fry, 5 Dana, 344; Currie v. Fowler, 5 J. J. Mar.; Gresham v. Mont-
gomery, 2 Ky. Law Rep., 397; Kinnon v. Pope, 1 Gilman (Ill.), 431;
Cooley on Taxation, page 334.)

4. There is no presumption that every step necessary to a valid tax sale
has been taken. Titles acquired under tax sales depend upon different
principles from those which are derived under government grants.
(Blackwell on Tax Titles, page 78; Boardman v. Lessees of Reed,
&c., 6 Peters, 342; Hulich v. Scovil, 4 Gilman (Ill.), 172; Varrick v.
Tallman, 2 Barb., 115; Allen v. Robinson, 3 Bibb, 326; Bodley v.
Hord, 2 A. K. Mar.; Graves v. Hayden, 2 Litt., 64.)

5. Cases explained: Allen v. Robinson, 3 Bibb, 326; Bodley v. Hord, 2
A. K. Mar.; Blight v. Banks, 6 Mon., 192; Currie v. Fowler, 5 J. J.
Mar.; Hickman v. Skinner, 3 Mon., 210; Terry v. Blight, Ibid., 271;
Oldham v. Jones, 5 B. M., 462; Vincent v. Eaves, 1 Met., 248; Trus-
tees of School District v. Garvey, 80 Ky., 160.)

6. The tax deed relied on in this case is invalid, because it does not recite
the power under which it was made. (Blackwell on Tax Titles, pages
61, 368; 3 Washburn on Real Property, pages 545-6, 4th edition;
Gaines v. Stiles, 14 Pet., 322; Cogel v. Raph, 24 Minn., 197, 198.)

7. The statement of a fact constituting a cause of action can not be
dispensed with by the statement of a fact which raises only a *prima
facie* presumption of the fact relied upon. (Gregory v. McFarland, 1
Duv., 59; Williams v. Gordon, 11 Bush, 693; Louisville, &c., Canal
Co. v. Murphy, 9 Bush, 527.)

8. No title can pass to the purchaser at a tax sale from the Auditor's
Agent unless there has been an assessment. (Clark v. Cummings, 1
Ky. Law Rep., 419; Blackwell on Tax Titles, 107; Cooley on Taxa-
tion, page 259; L. & N. R. R. Co. v. Commonwealth, 1 Bush, 258.)

WILLOUGHBY RODMAN ON SAME SIDE.

1. The Auditor's deed to one who purchased land at a sale for delinquent
taxes should show the grantor's authority, and in a suit to obtain a
clear title under such a deed, the petition must set forth the various
official acts and steps which preceded and resulted in the final sale by
the Auditor's agent. The presumption that officers have done their
duty is merely *prima facie.* Facts in regard to which the law raises
a *prima facie* presumption must be pleaded by one who relies upon
the presumption so created. (Scott v. Marshall, 5 J. J. Marsh., 434;
Hickman v. Boffman, Hardin, 370; Lewis v. Quimper, 2 Met., 284;
Allen v. Robinson, 3 Bibb, 328; Currie v. Fowler, 5 J. J. Marsh.,
145, 152; Terry v. Bleight, 3 Mon., 271, 272; Graves v. Hayden, 2
Littell, 65; Bustard v. Gates, 4 Dana, 430; Hickman v. Skinner, 3

Mon., 211; Slaughter v. McCain, 1 A. K. Marsh., 485; Hoy's Heirs v. McMurry, 1 Litt., 365; Section 119, Civil Code; Section 144, Stanton's Code; Gregory v. McFarland, 1 Duv., 59; Williams v. Gordon, 11 Bush, 693; Haggard v. Hays' Adm'r, 13 B. Mon., 175; Ransdall v. Shropshire, 4 Met., 327, 330; Gould's Pleadings, chapter 3, section 12; Wharton's "Law of Evidence," section 1304; Galpin v. Page, 18 Wallace, 356; Bowling Green & Madisonville R. R. Co. v. Warren County Court, Bush, 714, 721; Wharton's "Law of Evidence," section 1318; United States v. Ross, 92 Otto, 283, 285; Rudd v. Johnson, 5 Littell, 19, 20; White v. White, 2 Met., 185, 190; McKee v. Walker, MS. Op., Ky. Law Rep., volumes 1 and 2; Helm v. Payne, MS. Op., Ky. Law Rep., volume 1, page 350; McArthur v. City of Dayton, Ky. Law Rep., March, 1883, page 733; Shanks v. Stephens, Ky. Law Rep., April, 1883, pages 838, 839; Shanks v. Stephens, Ky. Law Rep., February, 1885, page 525; Cooley's "Law of Taxation," 324, 354; Brown v. Veagie, 25 Maine, 359, 362; Stead's Lessee v. Course, 4 Cranch, 403; Parker v. Overman, 18 How., 137; Bishop v. Loran, 4 B. Mon., 120.)

2. It is beyond the power of the Legislature to make a tax deed conclusive evidence of the holder's title.

The act of May 6, 1880, which gives the Auditor's deed the element of conclusiveness, is unconstitutional. (Cooley's Constitutional Limitations, 174; Sill v. Conning, 13 N. Y., 303; Constitution of Ky., articles 1, 2; Cooley's Constitutional Limitations, 368, 175, 353, 354, 355, 368; Dartmouth College v. Woodward, 4 Wheat., 519; Taylor v. Porter, 4 Hill, 140; Westervelt v. Gregg, 12 N. Y., 209; Constitution of Kentucky, article 13, sections 12, 2; Adams v. Beale, 19 Iowa, 61; Van Alstyn v. Erwin, 11 N. Y., 331; Wantlow v. White, 19 Ind., 470; Cooley's Law of Taxation. 356; McCready v. Sexton, 29 Iowa, 356; Groesbeck v. Seeley, 13 Mich., 329; Case v. Dean, 16 Mich., 19; White v. Flynn, 23 Ind., 46; Allen v. Armstrong, 16 Iowa, 508; East Kingston v. Towle, 48 N. H., 57; Cooley's Law of Taxation, 324, 329; Piscataqua v. Portsmouth Bridge Co., 4 N. H., 566; Hanson v. Vernon, 29 Iowa, 28.)

3. The act of May 6, 1880, is unconstitutional in precluding all defenses except those enumerated therein. (Cooley's Law of Taxation, 265, 267, 346; General Statutes, article 6, chapter 92; article 8, section 7, chapter 92; article 8, section 14, chapter 92; article 13, chapter 38; Walker v. McKnight, 15 B. Mon., 467, 476; Gathwright v. Hazard, 17 B. Mon., 557, 561; Shropshire v. Pullen, 3 Bush, 512, 515; Hickman v. Skinner. 3 Mon., 211; General Statutes, article 15, section 1, chapter 38; Slater v. Maxwell, 6 Wallace, 268, 276; Webber v. Cox, 6 Mon., 116; Chatham v. Pointer, 1 Bush, 423; Oldham v. Jones, 5 B. Mon., 458; Ballame v. Forsyth, 13 Howard, 18; Corporation of Washington v. Pratt, 8 Wheat., 681; McCready v. Sexton, 29 Iowa,

Maguiar v. Henry, &c.

356; Roukendorf v. Taylor's Lessee, 4 Pet., 349, 360; Ky. Law Rep. & Jour., Dec., 1883, 435, title "Taxation;" City of Louisville v. Cochran, Ky. Law Rep. & Jour., May, 1884, page 833.)

C. H. GIBSON AND C. S. GRUBBS OF COUNSEL ON SAME SIDE.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

Section 19 of what is known as the "Auditor's Agent Act," approved May 6, 1880, provides:

"In all suits and controversies involving the title to land claimed and held by virtue of a deed executed by the Auditor for non-payment of taxes thereon, the person claiming adverse title to such heed shall be required to prove, in order to defeat the title conveyed by such deed, either that the land described therein was not subject to taxation at the date of the assessment of the tax for which it was sold, or that the taxes for the non-payment of which the land was sold were paid to the proper officer within the time limited by law therefor, or that the same has not been assessed for the taxes for the non-payment of which it was sold, or that the same had been redeemed pursuant to law, or that a certificate in proper form had been given by the proper officer within the time limited by law for paying taxes, or redeeming from sales made for the non-payment thereof, stating that no taxes were due, or that the lands were not subject to redemption; but no person shall be permitted to question the title acquired by such Auditor's deed without proving that he or the person through whom he claims title had title to the land at the time of the sale thereof for non-payment of taxes, or subsequently, which title was acquired from the State."

The appellant, T. A. Maguiar, purchased the land of the appellee, John Henry, at a tax sale made under said act, obtained the Auditor's deed to it, and then brought this action to recover it, alleging in substance in his petition that after proper advertisement it was sold by the Auditor, and conveyed by him to the appellant as the purchaser. There is no averment as to an assessment or the other preliminary steps leading to a valid tax sale, save that of advertisement. A general demurrer was sustained to the petition, and the action dismissed.

It is noticeable that the section *supra* requires a defendant to a suit upon a tax deed to show a title from the Commonwealth before he can deny the plaintiff's right. It is a general rule that the latter must recover upon the strength of his own title. Here, however, he does not claim under a patent or a grant from the State simply; but under a deed, which purports to divest the defendant of and invest him with the title, and yet the defendant is forbidden to show his right to the property, although it may be sanctified by actual possession for a century, unless he can show a grant from the State to him or those through whom he claims title.

The act imposes upon the owner of land, in order to defeat a tax title, the burden of proving one of five things: either that the property was not subject to the tax; or that it had been paid; or that the land had not been assessed; or had been redeemed; or that the officer has certified that no taxes were due. *It cuts off all other defenses.*.

Three serious questions are presented:

*First.* Can the Legislature shift the burden of

proof from the tax claimant to the owner in posses-
sion of the property?

*Second.* If so, yet must not the plaintiff allege
in his petition the facts essential to support a tax
title?

*Third.* Is not the act unconstitutional; at least so
far as it undertakes to deprive the owner of material
existing defenses?

The laws for the assessment and collection of taxes
are necessarily summary in their character. Title is
divested by special statute; but it is *stricti juris*,
and must be followed in all material respects. The
tax-payer is entitled, by "the law of the land," to
be heard before he is condemned. Magna Charta
gave him this right. "No freeman shall be taken
or imprisoned, *or be disseized of his freehold*, or
liberties, or free customs, or be outlawed or exiled,
or any otherwise destroyed, nor will we pass upon
him, nor condemn him, *but by lawful judgment of
his peers or by the law of the land*. We will sell
to no man, we will not deny or defer to any man,
either justice or right."

The Constitution of the United States re-echoes
this fundamental rule, so early established, by pro-
viding that no person shall be deprived of life,
liberty, or property "without due process of law;"
while our State Constitution says, "nor can he be
deprived of his life, liberty or property unless by
the judgment of his peers or the law of the land."

The legislative power to levy and collect taxes is
not arbitrary. The law can not be so framed as to
prevent the citizen from inquiring through the courts

whether there has been a forbidden assumption of legislative power. For instance, a statute denying to him the right in defense of his property to inquire whether a gross inequality of burden has been imposed, or fraud practiced in the assessment or sale of his property, would be unconstitutional, because it would deprive him of his property without a hearing, and without "due process of law."

Courts can not thus be deprived of jurisdiction by the Legislature.

If so, one co-equal department of the government could at once destroy the other.

Conceding that the burden of proof may be shifted by a legislative act from the plaintiff to the defendant, as we think it may as a mere regulation of the remedy, provided it does not conflict with a vested right, yet it is questionable whether the act now under consideration does not go farther than this, and require a defendant to make out a cause of action for, or a right in, the plaintiff.

If so, it can not be sustained, because this would, in effect, compel the court to hold that a petition sets out a cause of action when it does not. The section of the act under consideration, however, is clearly unconstitutional, because it limits the owner of the property to certain defenses and cuts off others, which may exist and which are material.

It is true that other sections of the act speak of the Auditor's deed proving invalid for other causes than those enumerated in section 19; but if it be permissible under the act to show them, then said section is inoperative.

We think, however, that it was the intention of the Legislature to cut off the right of the owner of the property to defend against the sale upon any other ground existing prior to it than those enumerated in said section, and this they could not do constitutionally, because it would deprive the defendant of a vested right to an existing material defense.

Cooley, in his Constitutional Limitations, page 368, says: "As to what shall be evidence and who shall assume the burden of proof, its power is unrestricted so long as its rules are impartial and uniform; but it has no power to establish rules which, under pretense of regulating evidence, altogether precludes a party from exhibiting his rights. A statute making a tax deed conclusive evidence of a complete title, and precluding the original owner from showing its invalidity, would, therefore, be void, as not a law regulating evidence, but an unconstitutional confiscation of property." (*Vide* Kinnon v. Pope, 1 Gilman, 431; Standenman v. Brown, 48 Ala., 699.)

The Legislature may, by a subsequent statute, cure a mere irregularity in a proceeding if it could have dispensed with it by a prior statute. If it could have been made immaterial at the outset, it may be made so by a subsequent law.

But the Legislature has no power, by a subsequent curative statute, to remedy a jurisdictional defect, or one which goes to the substance of a vested right, and thus cut off a vested defense by the usurpation of judicial power. To do so would be to condemn without hearing, and to refuse a party an existing material right.

A tax deed can no more be declared by statute to be conclusive as to matters essential to jurisdiction than the finding of an indictment by a grand jury could be by legislative act made conclusive of the defendant's guilt.

Suppose that the ministerial officer, whose duty it is to collect the tax, fails to advertise the property for sale, or to sell it at the court-house door, or to sell it publicly, or was interested in the purchase, or fraudulently combines with the purchaser so as to sacrifice the property, is the owner to be deprived by a curative statute of his existing vested defense upon these grounds? If so, then it is "without due process of law," and in violation of "the law of the land." We unhesitatingly conclude that the act in question, so far as it attempts to deprive the owner of a then existing and material defense, is without constitutional warrant, and the determination of this question is necessary, owing to the conclusion we have reached upon the one which we will now proceed to discuss.

A remedial or curative statute, which merely changes the rule of evidence or the order of its introduction, and does not take away a vested right, is valid.

But although the burden of proof may be thereby changed, this does not relieve the plaintiff from alleging so much in his petition as is necessary to show a right in him.

This rule does not violate the one that a party need not by his pleading anticipate his adversary's defense, or allege what he is not required to prove,

or the facts which constitute a defense to his own
action.   The section of the act in question does not
require the defendant to aver as well as prove the
defenses therein enumerated, and some of them are
certainly essential affirmatively to the plaintiff to
show a right or cause of action in him.   Certain acts
are necessary to create an enforceable tax demand.
In this instance none of the preliminary steps, as
listing or assessment, leading to a lawful sale, are
alleged.

It is urged, however, that the law presumes official
action to be correct; that this act so declares by
requiring the defendant to prove the five defenses
allowed to him by the 19th section, and that you
need not allege what you need not prove.

The Legislature, however, cannot, under the guise
of regulating the remedy, dispense with allegations
by a plaintiff which are necessary to show that he
has some right when he asks a court to pass upon
it.   It may, by statute, give him the negative of the
issue as to the proof, but it can not require the
defendant to both allege and show a right in the
plaintiff, and dispense with the latter, stating the
facts by pleading, which are essential to the exist-
ence of his right to sue, any more than it can de-
prive a defendant of an existing substantial defense.

Our Code of Practice requires a petition to state
the facts which constitute the cause of action.   The
statement of a fact material to it can not be obvi-
ated by the statement of another fact which raises
a *prima facie* presumption of its existence.   The sale
and conveyance by the Auditor is but a single link

in a chain of facts, which must exist to support a tax title and an action upon it. It is urged that scarcely a single tax title under such a rule can be maintained; and that it will be almost impossible for the State to collect its revenue. We are, however, unwilling to suppose that its officers can not at least learn to comply with the law if they are not now doing so; and it is only by the preservation of such a rule that the fundamental rights of the citizen can be maintained.

When a litigant claims rights under the act of an officer he should state the facts which show that the latter had a right to act. A tax deed results from the exercise of a statutory power; and if the necessary preliminary steps are not taken, the power is not created.

After a careful review of the older as well as the later cases in this State, we do not think that this view is in conflict with them; and certainly not with the later ones; and it is in harmony with the opinion of the Supreme Court of the United States, and with those of the courts of last resort in nearly every State in the Union.

Judgment affirmed.