# Whitworth *et al. v.* Anderson *et al.*

### Bill in Equity to remove Cloud on Title, &c.

*Case re-affirmed.*—Held, on the authority of *Stoudenmire v. Brown* (48 Ala. 699), that section 93 of the revenue law of 1868, which requires the owner of land sold for taxes to deposit double the amount of the purchase money, &c., before he shall be allowed to prosecute or defend any suit for the same against the purchaser, is unconstitutional.

APPEAL from Chancery Court of Madison.

The record does not give the name of the chancellor.

Appellants, in their bill filed against the appellees, prayed to have a tax deed canceled, as a cloud on certain lands, which had been sold, in the year 1869, for non-payment of taxes, and that dower be allotted to one of the appellants, &c. The purchaser of the land at tax sale was one of the defendants. Appellants made no deposit, as required by section 93 of the revenue law of 1868; and the chancellor, therefore, dismissed their bill.

CABANISS & WARD, for appellants.

WALKER & SHELLY, *contra.*

BRICKELL, C. J.—The chancellor dismissed appellants' bill, on motion, because they had not complied with section 93 of the revenue law of 1868, by depositing double the amount of the sum for which the lands, the subject of suit, had been sold for the payment of taxes, &c. The court was

[Hart et al. v. Floyd et al.]

in error in sustaining the motion. The section of the reve-
nue law of 1868, referred to, has been, by this court, declared
unconstitutional.—*Stoudenmire v. Brown*, 48 Ala. 699.

The decree of the chancellor must be reversed, and the
cause remanded.