This was a proceeding on the part of the state to condemn certain stock food, under the Acts of 1919 (pages 88 and 1069); this appellant having interposed a claim thereto as provided by said statute. The trial court rendered a decree condemning said foodstuff and disallowed the claimant's claim; hence this appeal.
Section 11 of the Act of 1919, p. 1071, among other things, provides that the cause must be tried as a case in equity and without a jury. This, therefore, being a case in equity, and the trial court having granted the complainant relief, the record must show that it had before it some legal evidence to support the decree. The record fails to disclose a note of the testimony as required by the chancery rule 75, and this case must be reversed upon the authority of Brassell v. Brassell, ante, p. 201, 87 So. 347, and cases there cited.
The written statement of the trial judge, dated November 13, 1920 (on page 13 of the record), four months after the decree and three months after the loss of control over same, cannot be looked to in considering the question involved, though we do not mean to intimate that it would change the result if the same could be considered.
While this is a new right or cause of action created by the act above cited, the circuit court in equity is given jurisdiction of same in a general as distinguished from a summary way, and the decree rendered is a final one and appealable under section 2837 of the Code of 1907, which covers all final judgments and decrees of the chancery, circuit, or other courts of like jurisdiction, etc. Of course, this section does not cover or apply to findings of certain boards or bodies not included in same, and whose orders or awards are not appealable unless specially made so by other statutory provisions, such as dealt with in the case of Ex parte Smith, Atty. Gen., 203 Ala. 444, 83 So. 334. The power given to hear and determine the issues under the acts in question is to the circuit court in equity, and not to a judge, to be exercised merely in a summary manner different from the ordinary exercise of the general powers of the chancery court, and differentiated this case from Ex parte Buckley, 53 Ala. 42, and Crowder v. Fletcher, 80 Ala. 219.
The decree of the circuit court is reversed, and the cause is remanded.
Reversed and remanded.
McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.