(89 South. 205)

**CREWS et al. v. STATE ex rel. PATTERSON, Solicitor. (4 Div. 890.)**

(Supreme Court of Alabama. May 19, 1921.)

**Equity ⬅356—Note of testimony heard orally must be made.**

In all proceedings tried in equity, the testimony, even though it be heard orally by the judge under Acts 1915, p. 705, must be shown in the record by a note of testimony as required by rule 75, and in the absence of such note of testimony in the record there was nothing to support a decree for complainant, and it must be reversed.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Bill by the State of Alabama, on the relation of T. M. Patterson, its Solicitor, against Helen Crews and another, to condemn land because of the operation by them, or knowingly permitting the operation, of a distillery for the making of contraband liquors. From a decree of condemnation, respondents appeal. Reversed and remanded.

The answers admit the ownership of the land, but deny all the other allegations of the bill. The cause was tried on oral proof before the court, and a decree was rendered granting the relief prayed against Helen Crews and Jim James, but denied as to Charity James. The testimony is shown in this record by what purports to be a bill of exceptions, but the record fails to disclose or show any note of testimony, as required by rule 75.

McDowell & McDowell, of Eufaula, for appellants.

After discussing the evidence, with the insistence that it does not justify the decree, counsel insist that rule 75, Chancery Practice, was violated, and that therefore a reversal must follow. 124 Ala. 347, 26 South. 900; 100 Ala. 199, 14 South. 9; 204 Ala. 101, 85 South. 414.

Harwell G. Davis, Atty. Gen., for appellee.

No brief reached the Reporter.

SOMERVILLE, J. [1] The rule must now be regarded as settled that in all cases tried in the circuit court, sitting in equity, though the testimony be heard orally by the judge under the Act of September 22, 1915 (Gen. Acts 1915, p. 705), rule 75 must be observed, and that in the absence from the record of a note of testimony, as prescribed by that rule, no testimony can be considered either by the trial judge or by this court on appeal. Lunday v. Jones, 204 Ala. 326, 85 South. 411; Five Hundred Sacks of Feed v. State of Alabama, 205 Ala. 315, 87 South. 348; Brassell v. Brassell, 205 Ala. 201, 87 South. 347.

There being no testimony properly before the trial court, there was nothing to support the decree, and the decree must accordingly be reversed, and the cause remanded for another trial.

The writer concurs in this result only because the law has been thus settled by a majority of the court, and is no longer open to question.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.