142 So. 678

# HARTWELL et al. v. STATE ex rel. WILLIS.

I Div. 715.

Supreme Court of Alabama.
Feb. 4, 1932.

Rehearing Granted May 19, 1932.

Rehearing Denied June 11, 1932.

Jas. H. Webb and Wm. H. Armbrecht, both of Mobile, for appellants.

J. Gaillard Hamilton and Harry T. Smith & Caffey, all of Mobile, for appellee.

Jesse F. Hogan, of Mobile, amicus curiæ.

ANDERSON, C. J.

This appeal involves the validity of the Sea Wall and Roads Act or the Road and Sea Wall Act for Mobile County. Local Acts 1931, p. 203. There was division among the justices upon the original hearing as to whether or not the act contained two subjects as forbidden by section 45 of the Constitution. There is now a sharp difference upon rehearing as to whether or not the notice given by publication complies with section 106 of the Constitution, but as the court is in accord that the act is repugnant to other constitutional provisions, we hereby pretermit a discussion of the aforementioned questions.

Section 10 of the Constitution of 1901 provides: "That no person shall be barred from prosecuting or defending before any tribunal in this State, by himself or counsel, any civil cause to which he is a party." Section 13 provides: "That all courts shall be open; and that every person for any injury done him, in his lands, goods, person or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial or delay."

This Sea Wall Act was passed pursuant to the authority given by Constitutional Amendment 21 (see Acts 1923, p. 592), and which authorizes only an assessment against the land not to exceed the increase in the value of same as a result of the improvements, and is somewhat analogous to street pavements, etc., as dealt with in section 223 of the Constitution. It nowhere authorizes or contemplates a personal judgment against the owner of the land.

Section 34 of the act in question deals with the assessment, hearings, and findings, and makes the finding of the commission final and conclusive "unless appealed from on direct appeal, as hereinafter provided," and also provides that the finding "shall not thereafter be open to question or attack by any person whomsoever, except by direct appeal as hereinafter provided." Section 35, among other things, provides for an appeal to the circuit court upon filing with the clerk with sureties a bond in double the amount of the assessment and payable to the commission, "and conditioned to prosecute said appeal to effect, and to pay the amount of such assessment as finally may be levied against the property described in the appeal." It

will thus·be observed that in order for the landowner to test the assessment and to have a day in court he, with his sureties, must incur a personal liability, not merely for the cost, but for the amount assessed against his property, thus converting what was intended as a proceeding in rem to one in personam as a condition precedent to a hearing in the courts of his state. This is a denial of due process of law. Lassitter v. Lee, 68 Ala. 287, Whitworth v. Anderson, 54 Ala. 33, Stoudenmire v. Brown, 57 Ala. 481, South & North Ala. R. R. Co. v. Morris, 65 Ala. 193, Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Wadley Sou. Ry. v. Georgia, 235 U. S. 651, 35 S. Ct. 214, 59 L. Ed. 405; Ohio Valley Water Co. v. Ben Avon Borough, 253 U. S. 287, 40 S. Ct. 527, 64 L. Ed. 908; Oklahoma Operating Co. v. Love, 252 U. S. 331, 40 S. Ct. 338, 64 L. Ed. 596.

As was said by Thomas, J., speaking for the court, in the case of Hamrick v. Albertville, 219 Ala. 465, 122 So. 448, 452, "This right of judicial inquiry and appeal in the circuit court of what transpired on municipal hearing was necessary to a due process in the premises." And in the case of Ex parte Gudenrath, 194 Ala. 568, 69 So. 629, the proceedings were attacked as not affording due process and the court held that the statute did provide due process ·because, among other things, it gave the right of appeal to the circuit court by merely requiring security for cost, not in double the amount of the assessment as here. True, this was a municipal improvement case under section 223 of the Constitution, but, as·heretofore said, it was analogous to the case in hand.

We cannot hold that this constitutional infirmity was cured by the subsequent act of August 4, 1931, p. 282. This last act is not curative or intended as such and does not give vitality to the Sea Wall Act. Both by its title and body, it hypothesizes the valid creation of a Sea Wall district and merely provides for an alternative method, within the discretion of the commissioners, for the enforcement and carrying out of a legally existing act creating a Sea Wall district in Mobile county and has no field of operation until such district is created.

We cannot hold that the elimination of these objectionable features of the act may be made and the rest of the act upheld, as they are germane to the whole act and the elimination of same would leave the act as not affording due process for not giving the property owner a right of review in the circuit court. Moreover, this is a very different question from the ones in which certain objectionable features of an act have been discarded and the other parts enforced as was done in the case of Gibson v. State, 214 Ala.

38, 106 So. 231, and State v. Murphy, 211 Ala. 663, 101 So. 465. It is more properly governed by the case of Collins v. State, 88 Ala. 215, 7 So. 260, and cases there cited.

The application for rehearing is granted, the former opinion is withdrawn, the judgment of reversal set aside, and the judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur.