146 So. 533

### Ex parte WRIGHT.
6 Div. 177.

Supreme Court of Alabama.
Jan. 12, 1933.

Rehearing Denied March 2, 1933.

See, also, 142 So. 672.

G. Ernest Jones and Clark Williams, both of Birmingham, for petitioner.

John W. Altman, Fred G. Koenig, and Horace C. Wilkinson, all of Birmingham, for respondent.

BROWN, Justice.

At the time the local law creating the office "official stenographer of Jefferson County" (Acts 1901, pp. 2255–2258) was enacted, the chancery court had not been abolished, and, under the law and rules of chancery practice of that date, testimony taken in cases pending in chancery was taken by deposition, reduced to writing before a commissioner of the appointment of the register, or examiner appointed by the chancellor. Code 1896, §§ 723–740; Rules Ch. Pr. 40–65. At that time there was no statute or rule of practice authorizing the oral examination of witnesses in the presence of the court, and consequently no provision was made in the local law in respect thereto. Therefore that act is without influence on the question presented in this case.

And article 5 of chapter 268 of the Code (Code 1923, §§ 6733–6742), by its express provisions, does not apply "to circuits which consist of only one county and have three or more than three judges." Code 1923, § 6733.

So the question must be determined by the law as expressed in article 24 of chapter 267, Code of 1923. This article embraces sections 6574, 6575, 6576, and 6591.

Sections 6574 and 6575 originated in the Act approved September 22, 1915, Acts 1915, p. 705, after equity jurisdiction was conferred on the circuit court and the chancery court abolished, by the Act approved August 16, 1915, Acts 1915, page 279, and were brought into the Code of 1923 in the article (article 6574 et seq.) dealing with "Oral Examination, Interrogatories, Commissions, Subpœnas, Witnesses."

Section 6574 provides that "In all cases in equity the judge before whom the case is pending may at any time before final decree cause any or all of the witnesses to be examined orally before him in open court."

And section 6575 provides: "In all cases where a witness is examined orally in open court under the provisions of the preceding section, the judge trying the case must require the court reporter or some other competent stenographer, to take down the testimony, as delivered, and such judge may require such testimony to be transcribed in typewriting, and certified to by the stenographer and file the same in the cause."

Section 6576 provides for the appointment of a commissioner by the register and "examiners" by the court, to take down and transcribe oral testimony, on application of the parties; and section 6591 provides: "For taking and certifying the testimony of witnesses, the commissioner, register, or examiner is entitled to twenty cents for every hundred words, not including the caption, certificate, or exhibits, one dollar and fifty cents for each day he is necessarily engaged, and five cents for each mile necessarily traveled by him in taking such testimony; all of which must, up-

on his certificate, be taxed as costs in the cause; but the circuit judge may, for good cause shown, reduce such compensation."

The "general rules applicable to all fees, civil or criminal," are to be found in article 5, chapter 275, Code of 1923. Those pertinent here are section 7255 and section 7258, the first of which provides: "The law of fees and costs must be held to be penal, and no fee must be demanded or received except in cases expressly authorized by law." The other provides: "Fees allowed by law are due only at the termination of the suit, except that fees for *transcripts of papers filed in the cause*, other than copies of bills, to which parties are entitled as of course, are due when service is performed," etc. (Italics supplied.)

All testimony noted, on the submission of equity cases, becomes a part of the record, under the provisions of Rule 75 of Chancery Practice, and this applies to testimony taken orally in the presence of the court. Crews et al. v. State ex rel. Patterson, Solicitor, 206 Ala. 101, 89 So. 205.

Under these statutes and rules of practice, it was clearly the right of the petitioner who has prayed for and obtained an appeal to this court from the final decree, to have the court enter an order requiring the stenographer who took the testimony to transcribe the same and file it in the case, without the prepayment of the costs therefor. Allen v. Allen, 223 Ala. 223, 135 So. 169.

The only condition to her right of appeal is that she give security for the costs of appeal. Code 1923, § 6131. To this end the peremptory writ of mandamus will be granted as prayed in the petition, unless the respondent, Hon. W. M. Walker, on being advised of this opinion, modifies his order by striking therefrom the words "upon payment of costs thereof by the respondent, Thelma Wright."

We are not of opinion that the petition presents a case where this court should interfere and suspend the execution of the decree committing the custody of the child to its paternal grandmother, and in this respect the petition is denied without prejudice.

Petition granted in part, and in part denied.

### On Rehearing.

Since the decision of this case, the Act approved August 22, 1923, has been called to our attention for the first time. That act provides: "That in all Counties in this State having more than 200,000 population according to the last or any succeeding Federal Census, the official stenographer in such counties shall not charge for the attendance of *himself or assistant* upon court and taking shorthand notes, exceeding $10.00 per day, nor shall he charge for transcribing into longhand exceeding 15c for each hundred words; provided, however, that such stenographer shall not be required to perform any work or duty under this Act *unless the party requiring his services* shall first pay the fees hereinabove allowed to be charged, or shall give security for the payment thereof, to be approved by the official stenographer or by the *Clerk of the Court* in which his services are to be rendered." (Italics supplied.) Acts 1923, p. 203.

Assuming that this is a general and not a local law, and that it was constitutionally enacted, it does not meet the situation presented in this case; it imposes no duty upon the reporter and his assistant, other than such as he voluntarily assumes, and fixes the compensation therefor.

The services were rendered in the instant case, not under the provisions of that act, but under the provisions of sections 6574, 6576 of the Code, in pursuance of the order of the court. The quoted act, as appears on its face, relates to service in the law court. The "Clerk of the Court," not the register, is authorized to approve the security.

Still, if it be conceded that the act applies to services rendered in the equity division, it clearly does not contemplate that the reporter or a stenographer, on the appointment of the chancellor, could enter upon the performance of the duty of taking testimony that becomes a part of the record in the case and essential to a decision on the merits and to a review on appeal, and then refuse to transcribe the testimony, unless his fees are paid or secured by the parties in advance. Such construction would subordinate the administration of justice to the right to collect costs, and to so construe the act would render it in conflict with section 13 of the Constitution which provides "That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; *and right and justice* shall be *administered without sale, denial, or delay*." (Italics supplied.) Mickle v. State (Ala. Sup.) 21 So. 66; Hines v. Hines, 203 Ala. 633, 84 So. 712; Ex parte Eubank, 206 Ala. 8, 89 So. 656; Stoudenmire v. Brown, 48 Ala. 699; Whitworth v. Anderson, 54 Ala. 33; Lassitter v. Lee, 68 Ala. 287; Hartwell et al. v. State ex rel. Willis, 225 Ala. 206, 142 So. 678.

The insistence, that to compel the transcription of the testimony by the stenographer who reported the case would be, in effect, a confiscation of his energies without compensation, is without merit. The law prescribes the fees for such services and provides for the taxation as costs, and such services are usually performed without payment therefor in advance by commissioners and examiners. If the reporter desires pay or security in advance, he should arrange therefor before he enters upon the reporting of the case at all.

The application is therefore overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.