151 So. 865

**Ex parte WRIGHT.**

**6 Div. 441.**

Supreme Court of Alabama.

Dec. 21, 1933.

Rehearing Denied Jan. 18, 1934.

Beddow, Ray & Jones, G. Ernest Jones, and Clark Williams, all of Birmingham, for petitioner.

Horace C. Wilkinson, of Birmingham, for respondent.

KNIGHT, Justice.

On a former appearance of this cause, Ex parte Thelma Wright, 226 Ala. 206, 146 So. 533, 534, which was a petition for mandamus to require the Hon. William M. Walker, one of the judges of the Tenth judicial circuit, sitting in equity, to strike from the order made by him the requirement for prepayment of the cost of transcribing certain testimony, which was given orally in open court, and taken down by the reporter in shorthand, we then held that the petitioner, Thelma Wright, was entitled to the writ, and it was accordingly issued.

In that case (and this case is but a continuation of the same case), we held:

"Under these statutes [sections 6574–6576, 7255, 7258] and rules of practice, it was clearly the right of the petitioner who has prayed for and obtained an appeal to this court from the final decree, to have the court enter an order requiring the stenographer who took the testimony to transcribe the same and file it in the case, without the prepayment of the costs therefor. Allen v. Allen, 223 Ala. 223, 135 So. 169.

"The only condition to her right of appeal is that she give security for the costs of appeal. Code 1923, § 6131. To this end the peremptory writ of mandamus will be granted as prayed in the petition, unless the respondent, Hon. W. M. Walker, on being advised of this opinion, modifies his order by striking therefrom the words 'upon payment of costs thereof by the respondent, Thelma Wright.' "

On being advised of our opinion and conclusion in said cause, the trial judge complied with the order of this court, and entered the following order upon the minutes of the court: "Upon further consideration of this cause and upon consideration of the opinion of the Supreme Court of Alabama in said cause, it is ordered that the stenographer transcribe the testimony taken upon the oral hearing in this court of said cause and file the same in this court." This order was entered on the 22d day of March, 1933.

On April 6, 1933, after said order had been made, and entered, R. D. Algee filed what is entitled "Statement of R. D. Algee, in re. testimony," and addressed the same to the "Honorable William M. Walker, Circuit Judge, in equity sitting." This written statement was duly sworn to by the said Algee. We deem it proper to set out this written statement in full:

"Comes R. D. Algee and respectfully shows unto the court that on to-wit: the 22nd day of March, 1933, without any notice of affiant, an order was made in this cause ordering that the stenographer transcribe the testimony taken upon the oral hearing in this court in said cause and file the same with this court.

"Second: Affiant is the stenographer who stenographically reported the testimony given by the various witnesses in this cause.

"Third: That said case was reported commencing on the 11th day of February, 1932, and was concluded on to-wit: the 26th day of February, 1932, as appears from an account book of affiant kept in affiant's desk.

"Fourth: That after affiant concluded stenographically reporting the testimony in said cause, affiant turned his stenographic notes over to A. W. Brazelton, for filing in the office of the official stenographer of Jefferson County, Alabama; and affiant says that he has not seen said notes for the past several months; that they were not in his possession, custody, or control on the 22nd day of March, 1933; that affiant does not know the whereabouts of said notes; that affiant is unable to transcribe the testimony in said cause without his said notes and that it is impossible so to do without the notes; that affiant has searched the file of the said A. W. Brazelton. official stenographer of Jefferson County, Alabama, where affiant is employed, and has been employed for sometime past, and after making diligent search in said office, where such notes are usually kept, in said office, is unable to locate said stenographic notes.

"Whereupon, affiant respectfully submits this as his excuse for his inability to comply with said order dated the 22nd day of March, 1933.

"R. D. Algee."

Thereafter, on April 12, 1933, the said Thelma Wright, through her attorney, filed in the cause her petition in writing, and duly verified by the oath of said Thelma Wright, praying for an order to cite, separately and severally, the said R. D. Algee and A. W. Brazelton, to appear before the court at a time and place to be named in said order, then and there to show cause why they should not be adjudged in contempt of the court, and to "stand to, abide by, such orders of this court as shall then and there be made." Citation was accordingly issued. Messrs. Algee and Brazelton each appeared and filed sepa-

rate motions to vacate the order commanding them to appear and show cause why the prayer of the petition against them should not be granted, and also moved the court to quash the rule nisi issued against them, and to discharge them. Many grounds are stated in the motion, but we deem it unnecessary to restate them here, as it would needlessly lengthen this opinion.

Upon the hearing of the petition, and the motion to quash the same, the Hon. William M. Walker, presiding judge, disallowed the petition, and "quashed" the rule nisi theretofore issued requiring the said Brazelton and Algee to appear and show cause, if any they had, why the petition of said Thelma Wright should not be granted. The court thereupon made separate orders discharging the said Brazelton and Algee. The effect of the court's orders was to relieve the said Brazelton and Algee from filing in the cause the stenographic notes of the testimony taken upon the hearing of the main cause, and from "transcribing the same in typewriting."

Upon the court's statement to the parties that he would make the order discharging the said Brazelton and Algee, the petitioner asked to be allowed to amend her petition for rule nisi, and on the same day filed the amendment in open court. The said Brazelton and Algee each objected to the allowance of the amendment, and upon consideration of the objections, the court sustained the same, and declined to allow the amendment to be made. It was at this point that the order discharging Brazelton and Algee was made.

The petitioner, Thelma Wright, has now filed in this court her petition for rule nisi to issue to the Hon. William M. Walker, as judge of the circuit court of Jefferson county, "commanding him to adjudge the said R. D. Algee to be in contempt for his failure to transcribe in writing and file in the registry of his court the testimony taken at the oral hearing of the aforesaid cause of Wright v. Wright, number 32379 in obedience to the orders of said court; and further adjudge A. W. Brazelton to be in contempt of court for his refusal to deliver over to the said R. D. Algee the notes of testimony taken and heard by the said Honorable William M. Walker as judge of said court of Jefferson County, Alabama, at the trial of the aforesaid cause of Wright v. Wright, or appear in this court on a day certain, and then and there to show cause why he has not done so. And your petitioner prays in the alternative for writ of certiorari to be directed to said court for a review of the contempt proceedings, or for such other revisory or remedial writs as may be necessary and proper, to the end that the Supreme Court of Alabama may exercise its full and complete supervisory jurisdiction over the courts below, and may protect itself against becoming paralyzed in the performance of its judicial duties by the conduct of the courts below or of officers of the court."

Upon the filing here of the above petition, the rule nisi and certiorari were ordered to be issued, returnable to this court on November 2, 1933.

Hon. William M. Walker, judge, in response to the rule nisi, has appeared in this court, and has filed demurrers to the petition, and also his answer thereto, without waiving his said demurrer.

In brief filed for the respondent judge, the point is made, and pressed in argument, that it does not appear from the records of the court, or from any decree of the court, that any order was made requiring the testimony in said cause to be taken down in shorthand, and transcribed in typewriting as required by sections 6574 and 6575 of the Code; that matters done by the court cannot rest in parol. That, in the absence of such an order, the court was wholly without jurisdiction to "hear any citation for contempt."

It is also contended that the petition does not make a prima facie showing for holding the said Algee and Brazelton in contempt for not complying with the order of the court, because the averments of the petition—that is, the averments tending to show an act of contempt on the part of said Algee and Brazelton—are made upon information and belief.

It will be observed that the affidavit to the first or original petition, the one upon which the court predicated its ruling in discharging the said Algee and Brazelton, is in the following language: "Personally appeared before me, the undersigned authority, Thelma Wright, who being duly sworn deposes and says she has read the foregoing petition and that the matters therein stated are true as therein stated."

With reference to the first contention of the respondent, in justification of his order "quashing" the rule nisi issued to and served upon the said Algee and Brazelton, and in discharging them from the rule, it may be stated that section 6574 does not require that any formal order shall be entered by the court requiring that any or all of the witnesses in the cause shall be examined orally, in order that the testimony may be given on oral examination before the court.

■■ We do not think there is any merit in respondent's contention that the petition filed with him was insufficient to invoke the jurisdiction of the court, because of its failure to show that a valid order had been made and entered in the cause, requiring an oral examination of the witnesses. We are of the opinion, and so hold, that the petition filed in the circuit court was sufficient in its statement of facts, and was properly verified to invoke the jurisdiction of the court, and re-

spondent cannot justify his action in quashing the rule nisi on that ground.

After Thelma Wright had filed her petition for rule nisi against Algee and Brazelton, Mr. Algee filed a statement in the court, in which he averred that he was the stenographer who stenographically reported the testimony given by the various witnesses in the case of Wright v. Wright; and that after he concluded stenographically reporting the testimony in the cause, he delivered his stenographic notes to A. W. Brazelton, for filing in the office of the official stenographer of Jefferson county, Ala., and he disclaimed knowledge of the whereabouts of these notes at the time of filing the said statement.

The respondent judge, in his answer to the rule, states it to be a fact that he did not require a court reporter or some other competent stenographer to take down the testimony; that the failure to do so was probably caused by a misunderstanding; that a stenographer was present in court and took down the said testimony, but it developed that said stenographer was privately employed by John W. Altman, solicitor for J. W. Wright, and paid by said John W. Altman; that his employment was wholly and entirely a private employment and not an employment under the direction of the court, nor was said service performed under the direction of the court. · That had it been called to his attention by the said Thelma Wright or her solicitor that no order had been made requiring a court reporter or some other competent stenographer to take the testimony, as is required by section 6575 of the Code, he would have made the proper order, but that an investigation had revealed that no such order was made and that the testimony was taken by a stenographer privately employed by the solicitor for J. W. Wright, for his own benefit. The said respondent further states that he concluded that he had no jurisdiction to compel the private stenographer, who was privately employed, to report testimony for private purposes, to transcribe said testimony, "and that for said reason, among others, this respondent entered the decree vacating the rule nisi directed to R. D. Algee and A. W. Brazelton, and quashing the same."

The respondent avers in his answer that he attaches thereto a transcript of the record in said cause "showing all things that have happened that *are of record*, from the filing of the petition with the respondent, in which an order was prayed for commanding R. D. Algee and A. W. Brazelton to appear before the court to show cause why they should not be adjudged in contempt of that court, up to and including the decree quashing the order commanding A. W. Brazelton and R. D. Algee to appear before the court to show cause, if any there be, why the prayer of the petition exhibited against them should not be granted."

The respondent evidently did not consider the evidence offered on that hearing a part of the record of the proceedings, for it is omitted. In other records duly and properly certified to us, the omitted evidence does appear.

We may also here note that the first written statement, duly sworn to, which was filed by said R. D. Algee in answer to the rule nisi issued by the respondent, is in the record, and we have noted it in this opinion.

A question of fact is thus presented for our determination, raised by the respondent's answer.

▉ We have carefully read and considered the evidence submitted on the hearing of the contempt proceedings, at least as much as the court permitted to be offered, and we have reached the conclusion that while there was no formal order in the suit of Wright v. Wright entered upon the record of the court requiring that the testimony should be given orally before the court, yet it abundantly appears that it was so given, that the court and the attorneys on both sides actually tried the case as if such order had been made, and that it was not discovered that there was no such order on the minutes of the court until long after the trial had been concluded. We are further satisfied that Mr. Algee appeared to officially report the case, and did so report it, and thereafter duly filed his notes of the evidence with Mr. Brazelton for filing in the office of the official stenographer of Jefferson county, Ala. We are further satisfied that these notes are still within the control of Mr. Algee and Mr. Brazelton, and can be produced by them.

It is our conclusion that the respondent should have required Messrs. Algee and Brazelton to produce and file in court the stenographic notes of the evidence given on the trial of the case of Wright v. Wright, and also a duly certified transcription of the same in typewriting, that the appeal in the cause could be perfected by the filing here of a full and complete transcript, not only of the pleadings, but also of all evidence heard on the trial.

▉ A reporter, who undertakes to report the evidence in any given case, takes the office cum onere, whether it be only a temporary one, or one with a designated tenure. The fees and cost of transcribing the notes, like the fees of a commissioner, of the register, or of an examiner, appointed to take depositions in a chancery cause, become part of the costs in the case, and are to be taxed and paid accordingly. Section 6591. We know of no statute, and we have been referred to none, which give reporters a preferential status, nor would we be willing at this time to say that such a statute would be constitutional.

It follows that a peremptory writ of mandamus will be granted requiring the respond-

ent judge to set aside, vacate, and annul his order or decree quashing the rule nisi issued by him against said Algee and Brazelton, and discharging them, and in lieu thereof to enter a decree or order directing and compelling the said Algee and Brazelton to transcribe in typewriting the testimony taken down by said Algee in shorthand on the trial of the said cause of Wright v. Wright, and to file said testimony in said cause, certified to as the law directs.

By what we have said above, we must not be understood as holding that a litigant, or his attorney, may not employ a stenographer, for his own private use and purposes in the trial of a cause, to make stenographic report of the proceedings, without subjecting such stenographer, so employed, to the jurisdiction of the court to require him to file the stenographic notes, together with a transcription of the same in typewriting, for the use of the court or the adversary party to the cause, on appeal. To so hold, would be an unwarranted invasion of the rights of a litigant, and would place an undue and illegal burden upon such stenographer. We are not now dealing with such a case. To the contrary, we are dealing with a stenographer, who was a pro hac vice court reporter.

Let peremptory mandamus issue as above directed unless, on being advised of our conclusion as herein expressed, the respondent judge shall make the orders in conformity to this opinion, and shall enforce compliance therewith by said Algee and Brazelton.

Petition granted; mandamus ordered to issue, conditionally, as above indicated.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.