155 So. 369

## Ex parte WRIGHT.

### 6 Div. 441.

Supreme Court of Alabama.
June 12, 1934.

See, also, 225 Ala. 220, 142 So. 672; 226 Ala. 206, 146 So. 533; 228 Ala. 96, 151 So. 865.

Beddow, Ray & Jones and Clark Williams, all of Birmingham, for petitioner.

Horace C. Wilkinson, of Birmingham, for respondent.

## PER CURIAM.

On December 21, 1933, this court rendered an opinion in this cause, on petition of Thelma Wright, holding that the said R. D. Algee and A. W. Brazelton were pro hac vice court reporters; that as such reporters they caused to be taken down in shorthand the testimony in the case of Wright v. Wright, pending before the respondent judge; that the said Thelma Wright, in order to perfect her appeal to this court in said cause, was entitled to the transcription into typewriting of the testimony so taken in shorthand, and to have the same duly filed in this court; that the said Algee and Brazelton were, in said cause, officers of the court and subject to the orders of said court in said cause; and that the respondent judge was in error in quashing the order made by him discharging the said Algee and Brazelton, and in relieving them from the duty of transcribing the testimony, and filing the same in court.

The order made by us was in the following words: "Let peremptory mandamus issue as above directed unless, on being advised of our conclusion as herein expressed, the respondent judge shall make the orders in conformity to this opinion, and shall enforce compliance therewith by said Algee and Brazelton."

The withholding of the peremptory writ was not for the purpose, as supposed by the respondent judge, to allow him to have further hearing in the cause to determine for himself whether he could comply with the positive order of this court, but rather, and

only, that he might voluntarily comply, without being otherwise forced thereto by this court.

The order requiring the respondent judge to proceed in conformity to our opinion in the premises was made on December 21, 1933, and petition for rehearing was overruled on January 18, 1934.

■ It appears from the petition now before us that the respondent judge has *not in fact* complied with our former order, which was positive and mandatory in its terms, although four months have elapsed since the rehearing was overruled in the cause. The order made by us for the transcription of testimony and the filing of the same left the respondent judge with no discretion in the matter, nor for a hearing before him as to whether he would, or would not, comply with our directions. The petition now before us must be regarded as information to this court that the respondent judge has declined to comply with our order, and asking that peremptory writ issue, as we directed it should issue, unless the respondent judge should voluntarily make the order required by us.

The petition and answer of the respondent make a plain case requiring that peremptory writ of mandamus issue to the respondent judge in accordance with the opinion and order of this court made and entered on December 21, 1933.

Let peremptory mandamus issue.

ANDERSON, C. J., and THOMAS, BOULDIN, BROWN, and KNIGHT, JJ., concur.

GARDNER and FOSTER, JJ., dissent.

FOSTER, Justice (dissenting).

In Ex parte Wright, 226 Ala. 206, 146 So. 533, this court ordered the issuance of a writ of mandamus to Judge Walker, commanding him to strike from his order the requirement that prepayment be made to the court reporter of the fee for transcribing the testimony as a condition to his duty to do so.

In Ex parte Wright, 151 So. 865,[1] this court, upon another petition, found that the judge had complied with the order as previously directed by this court; that the reporter had refused to obey it, and was cited for contempt; that on a hearing of the contempt the judge quashed that proceeding and discharged the reporter. This court held that he should not have done so, but that a writ should be issued requiring him to set aside, vacate, and annul his order quashing the proceeding and discharging the reporter, and to enter a decree compelling the reporter to transcribe the testimony and file it, and enforce a compliance with the order. The judge thereupon did set aside his order quashing and discharging, and set the petition for contempt down for hearing. There was then in full force his previous order that the reporter transcribe and file the testimony without a prepayment of the fee, and no further order to that effect was necessary.

On hearing the petition the reporter filed what this court now thinks is a frivolous plea, and the petitioner moved to strike it. That motion was heard, argued and submitted, and taken under consideration. This petition does not seek to have a speedy decision on that question, nor a speedy hearing of the petition for contempt. The judge in his answer asserts a determination to proceed to a hearing. This petition seeks to require the judge to enforce a compliance with his order to the reporter.

There is but one step he can take to enforce such a compliance; that is, a commitment to jail until it is done. If an order by us now is anything more than a gesture, it is to require the judge to commit the reporter until he complies with the duty imposed. That means that we shall pass upon the contempt proceeding before the circuit judge shall do so, and that in passing on it we shall give the reporter no chance to be heard.

Except as otherwise provided, we can only review some order of the circuit judge in this respect. We can require him to act, but cannot direct him what he shall do upon the hearing. If the judge is temporizing and delaying, we can compel prompt action. That is not what is here sought.

The circuit judge has no legal right to commit for a civil contempt that which is not in respect to the orderly decorum of its proceedings done in his presence, without a citation and after hearing. 13 Corpus Juris, 63, 64, et seq.

A rule nisi to show cause was issued, but he is given no chance to show cause. The notes may be lost or stolen, or he may be sick or afflicted. Because he has filed a frivolous plea is not sufficient to condemn him without further hearing.

My view is that the mandamus now about to be issued is a meaningless gesture which

---

[1] 228 Ala. 96.

cannot be complied with in literal form. After its issuance he can do no more than he is proceeding to do—hear and determine the matter on its merits.

GARDNER, J., concurs in the foregoing dissent.

