171 So. 898

## TRANNON et al. v. SLOSS–SHEFFIELD STEEL & IRON CO.

### 6 Div. 886.

Supreme Court of Alabama.

Jan. 7, 1937.

children of Matthew Trannon, Sr., filed their complaint under the Workmen's Compensation Act, section 7534 et seq. of the Code, against the Sloss-Sheffield Steel & Iron Company, seeking to recover of the latter compensation for the death of their father, an employee of the defendant.

The defendant company admitted in its answer that the plaintiffs' father was killed in one of its mines in Jefferson county by an accident arising out of and in the course of his employment as a driver for said defendant, but specifically denied any liability to the plaintiffs under the Workmen's Compensation Act of Alabama.

In its answer the defendant pleaded that the death of said Matthew Trannon, Sr., "was proximately and directly caused by the willful breach of a reasonable rule or regulation of this defendant in force at said mine on said occasion." The rule which it was alleged the employee breached is set out in substance in defendant's said answer. It is also averred that the deceased employee had knowledge of said rule. The manner in which it is alleged the decedent breached the rule, and the circumstances of his death, are set forth in defendant's said answer.

We find in the record the court's finding of facts and the judgment of the court thereon.

The court found that the death of said Matthew Trannon, Sr., was proximately caused by his willful breach of a reasonable rule or regulation of defendant in force at the said mine on the occasion of the injury and death of the said employee. In this particular the finding reads:·

"The death of said Trannon was proximately caused by his willful breach of a reasonable rule or regulation of this defendant in force at said mine on said occasion and for years prior thereto, which rule was and is that drivers of the defendant, driving coal cars out of rooms in the mine, on arriving at the main haulageway shall stop their cars before entering into and on said main haulageway of the mine in order first, to observe if the way be clear for the driver to enter said entry or haulageway with his cars without danger of running into or colliding with a car or trip of cars already opposite and passing the mine room or about to pass said room.

"Said Matthew Trannon, Sr., had been told of this rule by his foreman on a number of occasions, and knew of said rule and that said rule was a safety rule and

Horace C. Alford and Ivy F. Lewis, both of Birmingham, for petitioners.

Bradley, Baldwin, All & White and Kingman C. Shelburne, all of Birmingham, for respondent.

KNIGHT, Justice.

The petitioners here, Matthew Trannon, Jr., and Henry Trannon, minor dependent

regulation of this defendant, and that it was in force at the time that he, the said Matthew Trannon, Sr., was killed. Just before the trip was loaded that said Trannon was taking out of the room of the mine when he was killed, said Matthew Trannon, Sr., told the three miners in said room to hurry up, that it was quitting time and that he was in a hurry. With knowledge of this safety rule or regulation which the court finds was a reasonable one, said Matthew Trannon, Sr., willfully breached said rule or regulation, in that he willfully failed to stop said cars on arriving at the main haulageway and before entering thereon, to observe if the way was clear and safe to enter, and as a proximate consequence of said failure to observe said rule, said Matthew· Trannon, Sr., was killed by colliding with a car or trip of cars of the defendant passing in the entry or main haulageway of said mine, as above set out."

We feel no hesitancy in saying that the rule or regulation adopted by the defendant, and which is set out in the defendant's answer, and in the court's finding, was not only reasonable, but also salutary and wise, in that it tended to promote the safety and to protect the lives of the employees of defendant. In the violation of this rule not only was the life of the deceased employee endangered, but also the life of any driver of a car or cars who happened to be passing the intersection where the accident occurred.

It is here insisted, however, by the petitioners that the court's finding of facts does not cover and reflect all the evidence presented on the trial of the cause, and omits many material facts. However, the record does not contain a bill of exceptions. We have uniformly held that the court's finding is conclusive, if there is any evidence in the record that will support the same. Morgan-Hill Paving Co. v. Stewart et al., 220 Ala. 480, 126 So. 116; Ex parte Smith Lumber Co., 206 Ala. 485, 90 So. 807; Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458; Ex parte Nunnally Co., 209 Ala. 82, 95 So. 343; Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97.

If the finding of fact complies with the requirements of the law and the rule of our decisions, the bill of exceptions cannot be looked to for any purpose, except to see if there was any evidence to support the finding of the court. Morgan-Hill Paving

Co. v. Stewart et al., supra; Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99.

If the petitioners here were of the opinion, as now seems to be the case, that the evidence did not support the court's finding of fact, they should have brought this to the attention of this court by a proper bill of exceptions. The statement in brief of petitioners setting up, as an excuse for failure to present a bill of exceptions, their poverty and consequent inability to secure a transcription of the testimony, while pathetic, cannot avail to excuse the absence of a· bill of exceptions.

No doubt, had petitioners made proper application to the court to require the court reporter to transcribe into typewriting his stenographic notes and file the same in the cause, the court would have made the requested order. The court could not have refused to make such an order on timely application. Ex parte Wright, 229 Ala. 43, 155 So. 369; Id., 228 Ala. 96, 151 So. 865; Id., 226 Ala. 206, 146 So. 533.

Of course, the statement in petitioners' brief of what the evidence given on the trial showed or did not show can exert no influence whatever upon the determination of the issues here. In the absence of a bill of exceptions, we can only look to the court's findings in determining whether the facts as found entitled the petitioners to the death compensation claimed.

The court found, as heretofore pointed out, that the employee's death was proximately caused by his willful violation of a reasonable safety rule of the employer, long in force, and well known to the said employee.

Section 7534 of the Code provides: "When personal injury or ·death is caused to an employe by an accident arising out of and in the course of his employment, of which injury the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he, or in case of death, his personal representative, for the exclusive benefit of the surviving spouse and next of kin, shall receive compensation by way of damages therefor from the employer, *provided the injury or death was not caused by the wilful misconduct of the employe, or was not due to misconduct on his part,* as defined in section 7544." (Italics supplied.)

Section 7544 expressly provides that "no compensation shall be allowed for an injury or death caused by the wilful misconduct of the employe or by the employe's intention to bring about the injury or death of himself or of another, or due to his own intoxication or his wilful failure or wilful refusal to use safety appliances provided by the employer, or due to the wilful refusal or wilful neglect of the employe or servant to perform a statutory duty or due to any other wilful violation of the law by the employe *or his wilful breach of a reasonable rule or regulation of his employer, of which rule or regulation the employe has knowledge."* (Italics supplied.)

The willful misconduct referred to in this section is such misconduct which occurs within the sphere of employment as pointed out in Jones v. Sloss-Sheffield Steel & Iron Co., 221 Ala. 547, 130 So. 74.

Section 7544 further provides that if the employer defends on the ground that the injury "arose in any or all of the last above stated ways, the burden of proof shall be on the employer to establish such defense." This, of course, presupposes pleading setting up the defense, and issue thereon. In the instant case there was such pleading, issue thereon, and a determination of the issue in favor of the defendant by the court, trying the issue without a jury. The statute secured to both employer and employee the right to demand that a jury shall hear and determine the issue as to whether the injury and death of the employee arose from the willful breach of a reasonable rule or regulation of the employer, of which rule or regulation the employee had knowledge. Neither side demanded a jury trial, and hence the court was duly authorized to hear and determine the issue itself. Code, § 7571.

The court having determined from the evidence submitted on the trial that the death of the employee arose from the willful breach of a reasonable rule or regulation of the employer, of which rule or regulation the employee had notice, and there being nothing in the record to show that this finding by the court was without support in the evidence, it follows that the writ of certiorari must be denied. Honnold on Workmen's Compensation Vol. 1, pages 555 et seq. ; Code, §§ 7544–7571.

Writ denied.

Judgment affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.