253 So.2d 56

PURSER STEEL, INC., a Corporation

v.

T. K. McEWEN.

7 Div. 16.

Court of Civil Appeals of Alabama.

Sept. 29, 1971.

Huie, Fernambucq & Stewart, Birmingham, for appellant.

Knox, Jones, Woolf & Merrill, Anniston, for T. K. McEwen.

THAGARD, Presiding Judge.

T. K. McEwen one of the appellees here, brought suit for workmen's compensation benefits against two of his former employers, Purser Steel, Inc., a corporation, and Anniston Steel Erectors, also known as Anniston Iron Works, a corporation. From a judgment awarding compensation benefits against Purser Steel, Inc., Purser Steel prosecutes this appeal.

There is no question that the employee, McEwen, is entitled to workmen's compensation benefits. He sustained two different injuries to his back. First, on October 23 1968, he was stricken with a severe pain in his back while attempting to unload a truck. At that time he was engaged in the discharge of his regular duties as an employee of Purser Steel. He was advised and treated by Dr. Smith who sent him home to lie flat on his back until the symptoms abated. In about four or five days the pain abated to the extent that he could get up, move around, and return to the doctor's office. The doctor released him to return to work on November 14, 1968.

McEwen was unable to get work with Purser Steel, and on November 19, 1968, he went to work for Anniston Steel Erectors. He testified that his back was a little stiff and it had a sore spot when he went to work. Also, the doctor had warned him of a possible recurrence of the injury when he returned to work. He had been working two weeks when, while discharging the duties of the job to which he was assigned, he was again stricken with a disabling pain in his back.

The same Dr. Smith treated him for this second injury and ordered him to the hos-

pital on the day after the accident. He was placed in traction for seven or eight days and remained in the hospital for eleven days.

Purser Steel had assumed responsibility for the first injury to the extent of paying his medical expenses and weekly compensation for the period between the time of his first injury and that of his discharge by Dr. Smith. The trial court found that Purser Steel was also responsible for the compensation for the second period of disability because the second incident had merely caused an aggravation of an earlier injury.

The question presented by this appeal is which of the two employers is responsible for the compensation due McEwen during this second period of disability.

The trial judge decided this issue against the first employer, Purser Steel, Inc., saying in his judgment:

"On, to-wit, October 23, 1968, the plaintiff was employed by Purser Steel, Inc., and both were subject to the Workmen's Compensation laws of the State of Alabama. While acting within the line and scope of said employment the plaintiff sustained an accident which arose out of and in the course of said employment, and resulted in an injury to the back of the plaintiff, of which accident and injury said employer had notice. This injury was diagnosed by the attending doctor as a herniated disc syndrome. As the result of said accident and injury, the plaintiff incurred certain medical expenses and lost time from his work. These expenses, and Workmen's Compensation benefits for the lost time, were paid for by the insurance carrier for the employer.

"Plaintiff worked as an iron worker and had done so for twenty-nine years without any back complaint. He was fifty-four years of age at the time of said injury. He is married and has a dependent wife. He returned to work in the employ of Anniston Steel Erectors on, to-wit, November 18, 1968. Both of them were subject to the Workmen's Compensation laws of the State of Alabama. After working a few days, the plaintiff suffered another episode of pain in his back on December 2, 1968. He was hospitalized by the same doctor who had treated him for the original injury and who continued to treat him, and he incurred a hospital bill of $387.05, a doctor bill of $167.00, neither of which has been paid, and he incurred bills for prescribed medicines totaling $27.08 which he has paid.

"The plaintiff was able to return to work on February 13, 1969. He was temporarily totally disabled from December 2, 1968, to February 13, 1969, and according to the medical testimony, he has a 5 percent permanent partial disability to the body as a whole. His average weekly earnings at the time of his injury were $187.50. In line with the medical testimony given at the trial of the case, the Court finds that all of the medical expenses and compensation benefits due to be paid to and on behalf of the plaintiff arose out of and were the result of the original injury to the plaintiff which occurred on October 23, 1968, at which time he was employed by Purser Steel, Inc."

The finding of fact by the trial judge was amply supported by the testimony. In fact, the only medical testimony at the trial was that of Dr. Smith, who testified as follows:

"Q From his describing the accounts of December the 2nd, and from your examination of him following this, would it be your opinion that the December 2nd incident added to his disability?

"A I think all of his disability goes back to his initial injury."

The rule by which we are bound is that the trial court's finding in workmen's

compensation proceedings is conclusive, if there is any evidence in the record that will support it. Trannon v. Sloss-Sheffield Steel & Iron Co., 233 Ala. 312, 171 So. 898, and cases therein cited.

Affirmed.