This is a workmen's compensation case.
The employee injured his back while at his place of employment. He brought action in the Circuit Court of Winston County seeking to recover workmen's compensation benefits. After hearing the evidence, the trial court concluded that employee had sustained a permanent, partial loss of ability to earn to the extent of forty percent and awarded benefits accordingly. The employer appeals from this judgment and we affirm.
The dispositive issue is whether the judgment of the trial court is supported by the evidence.
Before considering the employer's specific contentions we note that in workmen's compensation cases the trial court's finding is conclusive if there is any evidence in the record that will support it. Legg v. Americold Compressor Co., 336 So.2d 1121
(Ala.Civ.App. 1976); Purser Steel, Inc. v. McEwen, 47 Ala. App. 263, 253 So.2d 56 (1971). This court can consider neither the weight of the evidence nor the propriety of the trial court's finding of fact for our inquiry is limited to a determination of whether there is any evidence to support the trial court's finding. Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380
(1967); Legg v. Americold Compressor Co., supra.
The employer first contends the employee committed a "fraud" upon the employer due to falsely representing on employment application forms that he had experienced no previous back trouble. The employer bases this contention on evidence that employee had suffered a back injury six years earlier while playing football. However, there was some dispute as to the severity of the previous back injury and also as to whether the employee knew of the exact nature and extent of the injury. The employee's testimony also indicated that he had had no subsequent back problems due to the prior injury. Put another way, the employee's testimony and reasonable inferences therefrom reveal that employee suffered no significant, prior back injury.
In light of our standard of review, the above evidence clearly supports the trial court's implicit conclusion that employee had committed no "fraud" which would preclude his recovering workmen's compensation benefits.
The employer next contends that there is no evidence in support of the trial court's finding that employee suffered a forty percent permanent, partial loss of ability to earn. This contention is based primarily upon medical testimony that employee had suffered a twenty percent disability to the body as a whole due to the injury. However, the amount of disability to the body as a whole is not determinative of the extent of loss of ability to earn. Orkin Exterminating Co. v. Williams,389 So.2d 935 (Ala.Civ.App. 1980). In determining the extent of loss of ability to earn the *Page 111 
trial court may properly consider the employee's education and vocational training. Kroger Co. v. Millsap, supra. The employee in this case had only an eighth grade education and had no vocational training. The only type work he had ever performed was manual labor. With this back injury, employee's future as a manual laborer was obviously very limited.
The employee's lack of education and vocational training coupled with the medical testimony is clearly sufficient evidence to support the trial court's judgment regarding the employee's loss of ability to earn.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.