This is a workmen's compensation case.
Three appeals have been consolidated here because the issues are the same in each case.
The dispositive issues on appeal are (1) whether the trial court erred in finding a certain percent of loss of ability to earn when it was shown that the employees' post-injury earnings were as much or more than their average weekly earnings before the injury, and (2) whether the employer should have been allowed a "credit" for post-injury earnings.
The facts are not in dispute. All three employees were injured on the job. Two suffered severe back injuries that left them permanently partially disabled and the third developed a serious allergy in the course of his employment.
After each had recovered sufficiently, they all went back to work for their previous employer at the same or higher wages. *Page 1327 
The trial court found specifically that employee-Mann had suffered a 50% loss of ability to earn, and that employee-Corfman had suffered a 70% loss, and that employee-Whorton had suffered a 15% disability.
Employer's only dispute is with the computation of the award.
Before considering the employer's specific contentions, we note that in workmen's compensation cases the trial court's finding is conclusive if there is any evidence in the report that will support it. Legg v. Americold Compressor Co.,336 So.2d 1121 (Ala.Civ.App. 1976); Purser Steel, Inc. v. McEwen,47 Ala. App. 263, 253 So.2d 56 (1971). This court can consider neither the weight nor the propriety of the trial court's finding of fact. Our inquiry is limited to a determination of whether there is any evidence to support the trial court's finding. Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380
(1967); Tidwell Industries, Inc. v. Kennedy, 410 So.2d 109
(Ala.Civ.App. 1982); Legg v. Americold Compressor Co., supra.
 I
The employer's first contention, through able counsel, is that the trial court erred in applying the formula used to compute awards of non-scheduled permanent, partial injuries found in Ala. Code § 25-5-57 (a)(3)(g) (1975). The award is determined by 66 2/3% of the difference between the average weekly earnings of the employee at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition.
It is employer's contention that post-injury earnings should determine the employee's ability to earn in his partially disabled condition. Under this theory, if the employee's post-injury earnings equal or exceed his average weekly earnings at the time of the injury there is no loss of capacity to earn and, therefore, no need to compensate the injured employee since awards under § 25-5-57 (a)(3)(g) are based on loss of earning capacity. Simply stated, the employer contends that what an employee actually earns is what he is able to earn in his partially disabled condition.
This theory is not the law in Alabama. An apparently identical argument was advanced by the same employer involved in the instant appeal in Goodyear Tire Rubber Co. v. Downey,266 Ala. 344, 96 So.2d 278 (1957). In rejecting that argument the supreme court stated:
 "It is insisted by the company that since the evidence shows that plaintiff, after his injury, received the same salary which he received prior thereto, that this excludes the idea that his ability to earn has been decreased as a result of his disability. While this might presumptively indicate that his ability to earn has not been impaired, the mere fact that his employer pays him the same earnings in his disabled condition as it did before he was injured is not the sole determining factor. The statute does not prescribe comparative wages received before and after the injury as the test of the employee's ability to earn. Instead, the test is the difference between the average weekly earnings at the time of the injury and the average weekly earnings the employee `is able to earn in his partially disabled condition'. It seems to us that this clearly excludes any notion of limiting the determination of a loss in ability to earn to the one question of wages actually earned after the injury as compared with those earned before. There are other factors which may be considered."
266 Ala. at 347, 96 So.2d at 280-81.
This issue has also been settled in Bell v. Driskill,282 Ala. 640, 213 So.2d 806 (1968); Alabama By-Products Co. v.Landgraff, 248 Ala. 253, 27 So.2d 215 (1946); Nashville BridgeCo. v. Honeycutt, 246 Ala. 319, 20 So.2d 591 (1945); AgricolaFurnace Co. v. Smith, 239 Ala. 488, 195 So. 743 (1940); AbexCorp. v. Coleman, 386 So.2d 1160 (Ala.Civ.App. 1980); OhioFerro-Alloys Corp. v. Whaley, 366 So.2d 287 (Ala.Civ.App. 1979); Florence Enameling Co., Inc. v. Jones, 361 So.2d 564
(Ala.Civ.App. 1978); Federal Mogul Corp. v. Moses,341 So.2d 162 (Ala.Civ.App. 1976); Brooks v. Crimson Homes, Inc., *Page 1328 51 Ala. App. 252, 284 So.2d 279 (1973); B.F. Goodrich Co. v.Martin, 47 Ala. App. 244, 253 So.2d 37 (1971).
A review of the record reveals that there was evidence for the trial court to consider concerning "other factors" bearing on the ability of the employees to earn in their disabled condition. This court has held that there are many factors which would indicate that post-injury earnings are an unreliable basis for estimating earning capacity. Such things including, but not limited to, increases in general wage levels, employee's greater maturity, additional training, longer hours worked, the temporary and unpredictable character of post-injury earnings, all have an impact on post-injury wages. Abex Corp. v. Coleman, supra; Florence Enameling Co. v.Jones, supra.
In one of the cases involved in this appeal, the employee had been trained and employed at essentially the same job for almost twenty years. This job required frequent heavy lifting and physical exertion. After his injury and extensive surgery in an effort to correct the problem, the employee went back to work at the same job. There was evidence presented at trial that tended to show that the employee is in constant pain while at work and that his ability to bend and stretch has been severely limited. There was also testimony to the effect that the employee's physical ability to continuously perform at his particular job was in doubt. All of the above, plus the fact that the employee worked some overtime and that wages have generally gone up since his injury in 1977, provide evidence to uphold the trial court's decision.
In one of the other cases, the temporary and unpredictable character of the employee's post-injury earnings is evident from the fact that her job was as a temporary replacement for another employee who was sick. Obviously, this could have some impact upon her post-injury earnings.
The third case involved an allergy that was unpredictable in that neither recovery nor control of the affliction would be determined as a certainty. This would have a definite bearing on the reliability of the employee's post-injury earnings. This allergy limited the employee to certain jobs in certain areas. The fact that the employee continues to work in an environment where he could be subject to another attack indicates the temporary and unpredictable nature of his post-injury earnings.
Based on the above, we find that the trial court did not err in determining the ability to earn in disabled condition or in applying it to determine the amount of the award.
 II
Next, the employer contends (or interwoven with his first contention) that Goodyear should be allowed a credit for post-injury earnings by the employees in weeks accrued to the date of the orders and for the unaccrued weeks. We disagree.
There is no statutory authority that provides for a credit for post-injury earnings where the employee is partially disabled. A. Larson, Workmen's Compensation Law, Vol. 2, § 57.40, finds that most jurisdictions allow credit in only limited circumstances, and that several states do not allow credits under any circumstances.
Those jurisdictions that do allow a credit base their decision on the premise that the employer and the employee intend that the payment of wages would be in lieu of compensation. Whether such an intention exists is usually inferred from the circumstances surrounding the payment. If the employee actually earns his wages, that is a dollar's worth of work for a dollar's pay, then the payment of wages to the injured employee is not in lieu of compensation.
In the instant cases there is no evidence that post-injury wages were intended to be in lieu of compensation and there is no evidence that the employees did not earn their wages. In fact, there is evidence that the employees did earn their wages by giving their employer its money's worth in labor.
For the above reasons, we find that the trial court did not err in refusing to allow the employer to credit post-injury earnings *Page 1329 
against the compensation award. Therefore, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.