This is a workmen's compensation case.
The employer appeals the trial court's finding that the employee suffered a permanent total disability. The dispositive issue on appeal is whether there is any evidence to support the finding of permanent total disability. We find evidence supportive of the trial court's finding and affirm.
Viewing the record under the appropriate standard of review, the following is revealed. The employee, a thirty-year-old female, was employed by Jr. Food Stores of West Florida, Inc., as a clerk in its Florala Tom Thumb Food Store. On about June 17, 1981, the employee injured her back while unloading a grocery truck. The employee was hospitalized for five days, treated with conservative therapy, and released, but she did not return to work. She was hospitalized again in July for five days. In August, she was referred to a Pensacola, Florida, neurosurgeon who detected a ruptured disc. Although he hospitalized the employee, he did not perform surgery at that time, but instead, prescribed muscle relaxers and pain medication. After three days he released the employee; however, she was still unable to return to work.
In February of 1982, the employee was again hospitalized and surgery was performed on the ruptured disc. On her release, the employee was put on medication for both pain and inflammation. She was again hospitalized in April of 1982 for surgery on a chipped disc. After her release, she continued to use prescribed pain relievers, muscle relaxers, and arthritis medication.
After the two surgeries and before trial, the employee was hospitalized two more times, once in October of 1982 and again in August of 1983. She received conservative treatment in October, and in August of 1983, the neurosurgeon detected a disc fragment which was pressing against a nerve and which should be removed. At the time of trial, the employee and her doctor had not yet agreed on a time for the surgery to remove the chip. *Page 795 
The employee testified that, in addition to the hospital admissions outlined above, she made monthly office visits to the neurosurgeon and occasional visits to her original treating physician. At no time since her injury has the employee discontinued the use of prescription drugs.
At trial, the employee testified that she was no longer able to perform the regular duties of the job at the employer's store, duties such as bending to lift cases of merchandise, carrying and stacking such items, sweeping and mopping, and standing or sitting for extended periods of time. She also testified that since the injury she has been unable to sleep the entire night, that she wears a back brace every day, that she is unable to drive herself to the hospital or doctors' offices, and that because of restrictions on bending, lifting, and prolonged standing or sitting, she has been unable to perform routine household chores such as washing clothes, cooking, and sweeping.
The only medical expert to testify was Dr. Edward Fletcher Eyster, the neurosurgeon who operated on the employee. In his deposition, Eyster estimated that the employee had suffered a thirty percent permanent impairment to the body as a whole, with limitations on lifting, bending, stooping, and prolonged sitting or standing. He also testified that it was possible that scar tissue from the back surgery might cause discomfort in the future and that because of the injury, the employee would likely have trouble with her back in the future. Eyster testified that the employee walked with a slight limp which resulted from pain.
As indicated, the employer, through able counsel, contends on appeal that the trial court erred in setting the degree of permanent disability at one hundred percent. The employer bases this argument on the fact that the only expert medical testimony estimated the employee's impairment to the body as a whole at only thirty percent and on the employee's own testimony that she held a GED high school equivalency certificate, that she had completed several business and clerical programs at the local junior college, and that she could type fifty-six words a minute.
On appeal of a workmen's compensation case, this court's inquiry is limited to a determination of whether there is any evidence to support the trial court's finding. If such evidence is in the record, we must affirm. Goodyear Tire Rubber Co. v.Corfman, 424 So.2d 1326 (Ala.Civ.App. 1982). We may not consider the weight of the evidence; that function is reserved for the trial court. Id.
"Total disability" in the workmen's compensation context does not necessarily denote absolute helplessness or entire physical disability; instead, it denotes an inability to perform the work of one's trade or the inability to obtain reasonably gainful employment. Carroll Construction Co. v. Hutcheson,347 So.2d 527 (Ala.Civ.App. 1977). In fixing the degree of disability, the trial court is not bound by estimates of medical experts, even if such testimony is uncontroverted. Id.
After viewing the record, we find that the evidence amply supports the action of the trial court. Since the 1981 injury, the employee has had trouble driving a car and doing even routine household chores, and she has constantly had to rely on the use of prescription drugs, including pain killers. In light of this evidence, restrictions on prolonged sitting, the type of work performed by the employee, and the injury itself, the trial court did not err in finding the employee to be totally disabled. The judgment below is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 796